D. S. Sturkie

*v.*

Leland Mitchell Bottoms.

(*Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

TRABUE, STURDIVANT & HARBISON, Nashville, for plaintiff in error.

WEST M. COSS, Nashville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The two questions involved in this case are (1) whether the injured employee is judicially estopped from maintaining this workmen's compensation suit and (2) if so, whether the employer, Sturkie, is entitled to credit for the amount received by the employee, Bottoms, in a common law action based on tort, such payment having been received under Bottoms' covenant not to sue.

Petitioner, Bottoms, and a man named Peacher were both employed by plaintiff-in-error, Sturkie, whose business came within the terms of the Workmen's Compensation Law, T.C.A. sec. 50-901 *et seq*. On the occasion in question Bottoms and Peacher had gone to a point in Alabama in the performance of their employment, and were returning to Nashville at the end of the work-day in an automobile which belonged to the employer, Sturkie. Due to negligence upon the part of Peacher, as driver of the car, both men were seriously injured in a traffic accident while returning to Nashville.

Sturkie recognized his liability to both men under the Workmen's Compensation Law, and offered them the compensations and benefits allowed by that law. Peacher accepted them. Bottoms refused on the ground that Peacher was liable to him for negligence and instituted such suit. The case was settled for $3,500 on the day it was to be tried in consideration of Bottoms' covenant not to sue.

As Peacher was an employee acting in the course of his employment at the time he and his fellow employee, Bottoms, were injured in this accident, he, Peacher, was not a third person who might be sued by Bottoms in a

common law action for negligence. *Majors v. Money-maker,* 196 Tenn. 698, 270 S.W.2d 328.

The first assignment of error is that the Trial Court erred in holding that employee, Bottoms, "was not estopped to assert a workmen's compensation claim in view of the fact he had previously made a recovery from a fellow employee in a common law action".

In view of the fact that the question of prejudice to the party invoking a judicial estoppel arises in considering such plea, perhaps it is more logical to first deal with the second assignment of error. And that assignment is that the Trial Court erred in not allowing the defendant credit for the $3,500 received by Bottoms under the covenant not to sue, assuming Bottoms is not judicially estopped to maintain this workmen's compensation suit.

The Workmen's Compensation Law at Code Section 50-914 provides that in the event of recovery by the injured workman from some person other than the employer, then "the employer shall be subrogated to the extent of the amount paid or payable under such law, and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien".

The language of this code section extends such right of the employer to a recovery by the injured employee "by judgment, settlement or *otherwise*", (emphasis supplied), to the extent of the amount paid by the employer to his employee. That, of course, includes a covenant not to sue and it was so held by this Court in the case of *Millican v. Home Stores,* 197 Tenn. 93, 270 S.W.2d 372, wherein we went over the entire question in

some detail. The entire amount payable to Bottoms in this case under the Workmen's Compensation Law is $4,165. From that said above, it follows that the employer, Sturkie, is entitled to a credit on said amount of $3,500, in the event Bottoms is not estopped from claiming workmen's compensation by the fact that he instituted this common law action.

■ Sturkie, however, has been benefited rather than prejudiced by the $3,500 payment to Bottoms. So, in considering whether the plea of judicial estoppel is well made, it must be upon the premises that Sturkie has not been prejudiced by Bottoms' common law action.

"Estoppels are not favored in the law. Indeed, it has been said that they are odious. (Citing authorities) This is for the reason that estoppel precludes a party from asserting the truth or enforcing a right which he is otherwise entitled to, and, therefore, unless by his conduct another's rights have been prejudiced, the principle will not be applied". *Rogers v. Colville,* 145 Tenn. 650, 659, 238 S.W. 80, 83.

The following stipulation in this case was entered into between Bottoms and Sturkie:

"4. On the day set for the trial of said common law action the plaintiff's attorney learned for the first time that the defendant Sturkie frequently permitted Bottoms and Peacher to use his automobile to go to and from the job, and it was also learned that he allowed them travel time and furnished the gasoline. In view of this information Bottoms gave Peacher a Covenant Not To Sue, in return for a payment of $3,500. A copy of said Covenant Not To Sue is attached to this stipu-

lation. Thereafter, an order of compromise and settlement was entered in the common law action and the plaintiff's suit against Peacher was dismissed.''

■ Because of the mistake or lack of information shown by the above-quoted stipulation, there seems to be applicable the rule reiterated in *D. M. Rose & Co. v. Snyder,* 185 Tenn. 499, 520, 206 S.W.2d 897, 906.

''While judicial estoppel applies where there is no explanation of the previous contradictory sworn statement (citing authorities) it does not apply where there is an explanation showing such statement was inadvertent, inconsiderate, mistaken, or anything short of a 'wilfully false' statement of fact.'' (Citing authorities.)

■ Taking the entire case into consideration, and the confines within which judicial estoppel is held by the rules to be applied, it is this Court's opinion that the institution of the common law action did not judicially estop Bottoms from subsequently maintaining this claim for workmen's compensation.

The judgment of the Circuit Court will be modified so as to give credit thereon for the $3,500 received under the Covenant Not To Sue. As so modified, this judgment is affirmed with costs assessed against appellant, Sturkie.