**ALLSTATE INSURANCE COMPANY,
Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNI-
TY COMPANY, Appellee.**

Supreme Court of Tennessee.

Aug. 7, 1972.

Francis A. Cain, William N. Groover, Cheek, Taylor & Groover, Knoxville, for appellant.

Joe A. Tilson, Morristown, for appellee.

OPINION

DYER, Chief Justice.

This case presents a contest between two liability insurance carriers as to which carrier is liable for all or what part of a loss arising from a vehicle accident.

This case in the trial court was disposed of by final judgment on motion for summary judgment under Rule 56 of the Rules of Civil Procedure, effective January 1, 1971. Appeal was had direct to this Court, raising the issue, first to to be considered, of whether the appeal in this case was properly in this Court or should the appeal have been to the Court of Appeals.

By the adoption of the Rules of Civil Procedure, a number of material changes were made in pleading, but probably the most far-reaching departure from the past was in the adoption of Rule 56, allowing cases to be disposed of on motion for summary judgment. Prior to the adoption of these Rules in Tennessee summary judgment was known only in connection with summary remedies against certain public officers. T.C.A. § 25–301 et seq.

Rule 56 of our Rules of Civil Procedure is modeled after Rule 56 of the Federal Rules of Civil Procedure, having similar language and essentially seeking the same purpose and effect. The purpose of Rule 56 of the Federal Rules of Civil Procedure has been declared to be:

Rule 56 permits any party to a civil action to move for a summary judgment

upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. The motion may be made as to all or a part of a claim or defense. It may be made on the pleadings or the record or it may be supported by affidavits.

The motion for a summary judgment strikes at the heart of the claim, counterclaim or cross-claim. In effect it argues that as a matter of law upon admitted or established facts the moving party is entitled to prevail or the adversary has no valid claim for relief. 3 Barron and Holtzoff, Federal Practice and Procedure § 1231 (Wright ed. 1958).

Under the Federal system there is no problem of appeal from a final judgment on a motion for summary judgment as all appeals go to the appropriate Federal Circuit Court of Appeals. In Tennessee, unlike the Federal system, an appeal from the trial court in a civil action is jurisdictionally limited to either this Court or the Court of Appeals, and where the appeal from the trial court is to the Court of Appeals, this Court has no jurisdiction at that time to hear the case.

T.C.A. § 16–408 denotes the jurisdiction of the Court of Appeals, which statute reads as follows:

The jurisdiction of the Court of Appeals shall be appellate only, and shall extend to all civil cases except those involving the constitutionality of a statute or city ordinance which is the sole determinative question in the litigation, the right to hold a public office, workmen's compensation, state revenue, mandamus, in the nature of quo warranto, ouster, habeas corpus in cases where the relator is being held under a criminal accusation or a rendition warrant issued by the governor of the state, and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all the facts have been stipulated. All cases within the jurisdiction thus conferred on the Court of Appeals shall, for purposes of review, be taken directly to the Court of Appeals in the division within which the case arose, the eastern division to include Hamilton County and the western division to include Shelby County. As to all other cases the exclusive right of removal and review shall be in the Supreme Court. Any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof, direct.

Rule 56.03 requires a trial judge to render judgment on a motion for summary judgment if:

. . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ On motion for summary judgment the trial judge's determination of whether there is a genuine issue as to any material fact when done so upon the record as a whole, and such record contains evidentiary matters, such as depositions, affidavits or exhibits, is a review or determination of facts and an appeal from a final judgment so entered is properly in the Court of Appeals. The result we reach is supported by the fact the Court of Appeals could, in reviewing the same facts, arrive at a different conclusion on the issue of whether there was no genuine issue as to any material fact.

In the case, sub judice, the part of the trial judge's finding pertinent to the issue here, is as follows:

This cause came on to be heard before the Honorable Len G. Broughton, Jr., Chancellor, holding the Chancery Court for Knox County, Tennessee, at Knoxville, on this 24th day of September, 1971, on the motion for summary judgment filed by the defendant in this cause, the affidavits, depositions and briefs filed by both parties, the oral argument of counsel, and the entire record in the cause, from all of which the Court finds:

That the motion for summary judgment made by said defendant is well taken and that there is no genuine issue as to any material fact and that said defendant, Hartford Accident and Indemnity Company, is entitled to a judgment as a matter of law.

The Court is of the opinion that, under the pleadings, the depositions and the affidavits it appears that . . . .

█ It is apparent from the trial judge's findings he considered evidentiary matters in determining the issue of whether there was no genuine issue as to any material fact.

In urging this Court has jurisdiction of this appeal, the case of Marler v. Claunch, 221 Tenn. 693, 430 S.W.2d 452 (1960) is cited. The Marler case came directly to this Court, the trial court having heard the case on stipulation of facts. The ultimate facts being stipulated, the case was heard by "a method not involving a review or determination of the facts." This case is not in point on the issue in the case sub judice.

The cause is transferred to the Court of Appeals.

CHATTIN and McCANLESS, JJ., and JENKINS, Special Judge, concur.

CRESON, J., not participating.