John G. LAYHEW, Appellant,

v.

James R. DIXON, Appellee.

Supreme Court of Tennessee.

Sept. 22, 1975.

740

H. T. Finley, Parker, Nichol & Finley, Nashville, for appellant.

William W. Burton, Murfreesboro, for appellee.

## OPINION

HARBISON, Justice.

The appellee, James R. Dixon, instituted this action for damages in the Circuit Court of Rutherford County, Tennessee, seeking recovery for the wrongful death of his wife and personal injuries sustained by him, in an automobile accident resulting from a collision between the automobiles of the parties.

An answer was filed on behalf of the appellant, denying liability, and there was also filed a document designated as a "special plea" in which it was alleged that the appellee had executed a release of Jackson

Brothers Chevrolet, Inc. for all of the claims presently being asserted. It is alleged in this special plea that the appellant was an employee of the released party, and that the release therefore had the effect of discharging appellant.

Under Rule 7 of the Tennessee Rules of Civil Procedure, the only pleadings presently authorized are a complaint and an answer, unless there be counterclaims or third-party claims. The "special plea" is therefore not currently a permissible pleading. It may, however, be treated as a part of the answer filed on behalf of the appellant, raising the issue of the effect of the release.

Based upon the foregoing pleadings, appellant filed a motion for summary judgment. In this motion appellant made reference to previous proceedings which had been filed in the U. S. District Court for the Middle District of Tennessee. This involved a suit by third parties, who are not involved in the present litigation, against Jackson Brothers Chevrolet, Inc., appellant and appellee. The motion for summary judgment alleges that in said previous action it was averred that appellant was an employee of Jackson Brothers Chevrolet, Inc., engaged in the scope and course of his master's business.

Attached to the motion for summary judgment was the general release in question.

Appellee filed a purported answer to the special plea, in which he pointed out that in the federal proceedings, appellant had denied that he was on the business of his employer at the time of the accident. Appellee then filed a reply to the motion for summary judgment, challenging the merits thereof.

There is filed in the record a certified copy of an application for a dealer's certificate, apparently for the purpose of showing ownership of the vehicle in question in the party released in the federal case. Also, pursuant to order of the circuit judge, certified copies of the pleadings in the previous federal case were filed, in which the plaintiffs there did allege a master-servant relationship between appellant and Jackson Brothers Chevrolet, Inc. In the answer filed to that complaint appellant denied that at the time of the accident he was engaged in the scope and course of his employment.

None of the federal pleadings were sworn to, and they represent no more than the statements of position of the parties to that action. While it is true that parties may not change positions which they have asserted in litigation, judicial estoppels are not favored and ordinarily do not arise out of mere unsworn pleadings. See *Sturkie v. Bottoms,* 203 Tenn. 237, 310 S.W.2d 451 (1958).

The trial judge overruled the motion for summary judgment filed on behalf of appellant, but did grant a discretionary appeal to this Court pursuant to T.C.A. § 27–305.

A serious question exists as to whether this appeal should properly have been taken to the Supreme Court or to the Court of Appeals under T.C.A. § 16–408. Ordinarily, where affidavits or other materials outside the pleadings are considered by the trial court, and where there is no formal written stipulation of facts, appellate review of summary judgment proceedings is properly in the Court of Appeals, rather than the Supreme Court. *Allstate Insurance Company v. Hartford Accident & Indemnity Company,* 483 S.W.2d 719 (Tenn. 1972).

Both the Court of Appeals and the Supreme Court, however, have discretion under T.C.A. § 27–305 in accepting for review questions certified for interlocutory appeal. Also, under T.C.A. § 27–329 either court may remand a case to the trial court for further evidence, where it appears to the court from an examination of the record that more satisfactory or complete evidence is available for the development of the issues.

In the present case the master-servant relationship between appellant and the party released does not satisfactorily appear. Appellant relies solely upon the statutory presumption arising out of proof of ownership and registration. T.C.A. §§ 59–1037, 1038. There is no affidavit from appellant or from the released party, Jackson Brothers Chevrolet, Inc., or from anyone else, establishing the facts surrounding the relationship between appellant and the released party. The appellant himself in the federal case is shown to have made a formal denial that he was on his employer's business at the time of the accident. This denial is unexplained in the record.

Proceedings for summary judgment are not in any sense to be used as a substitute for the trial of disputed factual issues. In order for appellant to have any basis for claiming the benefit of the release exhibited in this record, the master-servant relationship between him and the released party must be established. We do not pass upon and do not reach the question of whether or not the release of an employer has the effect of releasing the employee, because we are of the opinion that the master-servant relationship claimed has not been sufficiently shown. Of course if this relationship did not in fact exist at the time of the accident, under present Tennessee statutes the release of one alleged tortfeasor does not release another. T.C.A. § 23–3105.

We are of the opinion that the trial court properly overruled the motion for summary judgment on the state of the record before him, and, in the exercise of our supervisory jurisdiction, rather than transferring this case to the Court of Appeals, we are of the opinion that it should be remanded to the trial court for further proceedings, without prejudice to the rights of either party as to any of the issues attempted to be raised on this interlocutory appeal. As stated, we expressly do not reach the question of what the legal effect of the release would be, assuming that a master-servant relationship is established. Unless and until that relationship is proved by satisfactory evidence, the issues presented on this appeal do not arise for determination.

The judgment of the Circuit Court is affirmed and the cause is remanded for further proceedings. Costs of the appeal will be taxed to appellant.

FONES, C. J., and COOPER, BROCK and HENRY, JJ., concur.