**Jan BYRD, Plaintiff–Appellant,**

v.

**Dr. Thomas K. HALL, Dr. Maxwell E. Huff, and Dr. David Bruce Coffey, Defendants–Appellees.**

Supreme Court of Tennessee, at Knoxville.

Jan. 19, 1993.

Jerrold L. Becker, Scarlett A. Beaty, Knoxville, for plaintiff-appellant.

James G. O'Kane, Knoxville, for defendants-appellees.

## OPINION

DROWOTA, Justice.

The sole issue presented in this tortious interference with employment case concerns the proper standard to be applied when evaluating a motion for summary judgment under Rule 56 of the Tennessee Rules of Civil Procedure. Jan Byrd, Plaintiff–Appellant, appeals from a judgment of the Circuit Court of Scott County granting summary judgment to Dr. Thomas Hall, Dr. Maxwell Huff, and Dr. David Coffey, Defendants–Appellees. We granted the Plaintiff's Rule 11 application in order to establish a clearer and more coherent summary judgment jurisprudence in view of the increased use of Rule 56 as a vehicle designed to implement the objectives of the Rules of Civil Procedure—the just, speedy, and inexpensive resolution of litigation. Tenn.R.Civ.P. 1.

## TENNESSEE SUMMARY JUDGMENT STANDARDS

Varying forms of summary judgment proceedings have existed in this country since 1769. Schwarzer, Hirsch and Barrans, *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 446 (1991). Summary judgment statutes were adopted in various forms by some states, including Tennessee, in the 1800s. Schwarzer, 139 F.R.D. at 446; 6 Code of Tennessee (Williams) §§ 9507–9560 (1932).

Tennessee eventually adopted summary judgment in its present form, Tenn.R.Civ.P. 56, by order of this Court in 1970. The Rule became effective January 1, 1971, along with the other Rules of Civil Procedure. The committee promulgating the Rules of Civil Procedure regarded Rule 56 as "one of the most important and desirable additions to Tennessee procedure contained in the Rules of Civil Procedure." Rule 56, Advisory Commission Comments. "The committee considers this rule to be a substantial step forward to the end that litigation may be accelerated, insubstantial issues removed, and trial confined only to genuine issues." *Id.*

Since its adoption, Rule 56 has undoubtedly made its impact felt in literally thousands of cases. As the bench and bar can readily attest, motions for summary judgment pursuant to Rule 56 are now fairly routine and are filed almost as a matter of course. For this reason, an analysis of the Rule's provisions and its parameters is appropriate.

At the heart of the summary judgment procedure is the language contained in Rule 56.03 and Rule 56.05. According to Rule 56.03, summary judgment is to be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56.05 provides that the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or [otherwise], must set forth specific facts showing that there is a genuine issue for trial."

■ The cases construing Tenn.R.Civ.P. 56 make clear that the summary judgment process is designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no genuine dispute regarding material facts. *Evco Corp. v. Ross*, 528 S.W.2d

20, 24 (Tenn.1975); *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn.App.1992); *Ferguson v. Tomerlin*, 656 S.W.2d 378, 382 (Tenn. App.1983). The summary judgment procedure was implemented to enable the courts to pierce the pleadings to determine whether the case justifies the time and expense of a trial. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986); J. Moore, *Moore's Federal Practice*, ¶ 56.-01[13] (2d ed. 1992). Consequently, a motion for summary judgment goes directly to the merits of the litigation, and a party faced with such a motion may neither ignore it nor treat it lightly. *Ferguson*, 656 S.W.2d at 382. This is particularly true since summary judgment is not a disfavored procedural shortcut but rather an important vehicle for concluding cases that can and should be resolved on legal issues alone.[1] *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn.1988); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn.1981). On the other hand, the procedure is clearly not designed to serve as a substitute for the trial of genuine and material factual matters. *Blocker v. Regional Medical Center*, 722 S.W.2d 660, 660–61 (Tenn.1987); *Poore v. Magnavox Co.*, 666 S.W.2d 48, 49 (Tenn. 1984); *Layhew v. Dixon*, 527 S.W.2d 739, 742 (Tenn.1975); *Anthony v. Constr. Prods., Inc.*, 677 S.W.2d 4, 10 (Tenn.App. 1984); *Ferguson*, 656 S.W.2d at 382; *Taylor v. Nashville Banner Pub. Co.*, 573 S.W.2d 476, 480 (Tenn.App.1978).

■ In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all

---

1. This Court continues, however, to take a dim view of the use of summary judgment in workers' compensation cases. *See, e.g., Berry v. Consolidated Systems, Inc.*, 804 S.W.2d 445, 446 (Tenn.1991) ("summary judgment is almost never an option in a contested workers' compensation action").

countervailing evidence. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991); *Poore*, 666 S.W.2d at 49; *Dunn*, 833 S.W.2d at 80; *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276, 279 (Tenn.App. 1977); *Taylor*, 573 S.W.2d at 480. Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. *Poore*, 666 S.W.2d at 49 ("[I]f the mind of the court entertains any doubt whether or not a genuine issue exists as to any material fact it is its duty to overrule the motion."); *Dooley v. Everett*, 805 S.W.2d 380, 383 (Tenn.App.1990). The court is not to "weigh" the evidence when evaluating a motion for summary judgment. *See Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 389 (Tenn.1986) ("Summary judgment is not ordinarily the proper procedure for determining whether a prima facie case has or has not been *overcome* by countervailing evidence."); *Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn.App.1989). The court is simply to overrule the motion where a genuine dispute exists as to any material fact. *Dunn*, 833 S.W.2d at 80; *Dooley*, 805 S.W.2d at 383. The phrase "genuine issue" contained in Rule 56.03 refers to genuine factual issues and does not include issues involving legal conclusions to be drawn from the facts. *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 929 (Tenn.App.1984). The critical focus is limited to facts deemed "material", *Evco Corp. v. Ross*, 528 S.W.2d 20, 24–25 (Tenn.1975), which is to say those facts that must be decided in order to resolve the substantive claim or defense at which the motion is directed. *Knoxville Traction Co. v. Brown*, 115 Tenn. 323, 331, 89 S.W. 319, 321 (1905); *Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn.App. 1989); Schwarzer, 139 F.R.D. at 476.

 Moreover, the cases make clear that the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, enti-

tled to judgment as a matter of law. *See, e.g., Downen*, 811 S.W.2d at 542; *Jones v. Home Indem. Ins. Co.*, 651 S.W.2d 213, 214 (Tenn.1983); *Williamson Cty. Broadcasting v. W. Cty. Bd. of Ed.*, 549 S.W.2d 371, 372 (Tenn.1977); *Taylor*, 573 S.W.2d at 480; *Lucas Brothers v. Cudahy Co.*, 533 S.W.2d 313, 316 (Tenn.App.1975). Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn.1978); *Merritt v. Wilson Cty. Bd. of Zoning Appeals*, 656 S.W.2d 846, 859 (Tenn.App. 1983). In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment ... shall be entered against him." Rule 56.05. If the motion is denied, the moving party "has simply lost a preliminary skirmish and must proceed to trial." *Williamson*, 549 S.W.2d at 372.

## FEDERAL SUMMARY JUDGMENT STANDARDS

The federal counterpart to Tenn.R.Civ.P. 56 was adopted in 1938 when the Federal Rules of Civil Procedure went into effect. Schwarzer, 139 F.R.D. at 447. Although Fed.R.Civ.P. 56, which is virtually identical to Tenn.R.Civ.P. 56 [2], was drafted some 54 years ago, the Rule was infrequently used for most of its existence because it was plagued with ambiguities and restrictive interpretations. Issacharoff, *Second Thoughts About Summary Judgment*, 100 Yale L.J. 73, 77 (1990); Schwarzer, 139 F.R.D. at 450. However, when the federal courts began to experience the pressure of crowded dockets and parties' mounting litigation costs, some courts and commentators thought the time was right for recog-

---

**2.** This being true, federal authorities provide helpful guidance for our interpretation of Tenn. R.Civ.P. 56. *See Andrews v. Bible*, 812 S.W.2d 284, 287 (Tenn.1991); *Continental Casualty Co.*

*v. Smith*, 720 S.W.2d 48, 49 (Tenn.1986); *Bowman v. Henard*, 547 S.W.2d 527, 530 (Tenn. 1977).

nizing and developing the potential of summary judgment in helping cope with these problems. Issacharoff, 100 Yale L.J. at 78; Schwarzer 139 F.R.D. at 450. It was in this context that the U.S. Supreme Court decided three cases in 1986 addressing some of the critical issues inherent in the application of Rule 56: *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), a libel suit in which the Court affirmed summary judgment in favor of the defendants, it was held that the mere existence of *some* alleged factual dispute between the parties would not defeat a motion for summary judgment because the "requirement is that there be no *genuine* issue of *material* fact." At 248, 106 S.Ct. at 2510 (emphasis in the original). The Court ruled that the materiality of a fact for summary judgment purposes was to be governed by the substantive law of the claim or defense at which the motion was directed. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The Court further held that the disputed, material fact must also create a genuine issue, which means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party, the same standard used in evaluating a motion for directed verdict. *Id.* at 247–251, 106 S.Ct. at 2510–2511. In this regard, the Court in *Anderson* explained the proper role of the trial judge in evaluating a motion for summary judgment:

[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is suffi-

cient evidence favoring the nonmoving party for a jury to return a verdict for that party.

\* \* \* \* \* \*

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party.

\* \* \* \* \* \*

The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party].

\* \* \* \* \* \*

Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.

*Id.* at 249–255, 106 S.Ct. at 2511–2513.

The Court's discussion of Rule 56 in *Anderson v. Liberty Lobby* must be read in connection with its decision the same day in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Celotex* was an asbestos products liability case in which the defendant, after an appropriate period for discovery, moved for summary judgment on the basis that no evidence had been produced by the plaintiff, the nonmoving party, that her decedent had been exposed to the defendant's asbestos products. At 319, 106 S.Ct. at 2551. The Court again upheld the grant of summary judgment for the defendant, as the moving party, because the defendant established the lack of a genuine issue of material fact on a crucial element of the plaintiff's case (exposure to the product). The plaintiff was unable to meet her burden imposed by Rule 56.05 with regard to that

dispositive element, an element on which she would have the burden of proof at trial. *Id.* at 323, 106 S.Ct. at 2553. *Celotex* thus stands for the proposition that, after the moving party has established the absence of a genuine issue of material fact, then summary judgment is appropriate when, after being given a reasonable opportunity to substantiate its claims, the nonmoving party is unable to establish any essential element of its case on which it will have the burden of proof at trial. *Id.* at 321–325, 106 S.Ct. at 2552–53. Otherwise, there will be no genuine factual issue for the trier of fact to resolve in favor of one party or the other. The court explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
>
> \* \* \* \* \* \*
>
> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact.

At 321–325, 106 S.Ct. at 2552–53. Justice White's concurring opinion correctly places a finer point on the Court's holding by observing that "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." *Id.* at 328, 106 S.Ct. at 2555.

*Celotex* may thus be cited for the principle that a party may move for summary judgment demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for directed verdict. If, after a sufficient time for discovery has elapsed, the nonmoving party is unable to demonstrate that he or she can indeed do so, summary judgment is appropriate. The Sixth Circuit has read *Celotex* to mean that "the movant [can] challenge the opposing party to 'put up or shut up' on a critical issue. After being afforded sufficient time for discovery ... if the [nonmoving party does] not 'put up', summary judgment [is] proper." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989).

In *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), an antitrust suit, the Court again affirmed summary judgment for the defendants. The Court pointed out that summary judgment will be improper where the factual dispute is genuine *and* material *and* the nonmoving party comes forward with *specific* facts establishing an issue for trial. At 584–588, 106 S.Ct. at 1355–56. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1356. The Court again noted that inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion, the same standard used in evaluating a motion for a directed verdict. *Id.* at 586–590, 106 S.Ct. at 1356–57. The objective is to pierce the pleadings and assess the proof to determine whether there is a genuine need for trial. *Id.* at 586, 106 S.Ct. at 1356.

Courts and commentators alike have heralded *Anderson, Celotex,* and *Matsushita,* the "1986 trilogy," as ushering in a "new era" in summary judgment jurisprudence—a "salutary return to the original purpose of summary judgment" to facilitate, not inhibit, the disposal of cases, in whole or in part, that do not warrant submission to the trier of fact. *See, e.g., Street,* 886 F.2d at 1476; Issacharoff, 100 Yale L.J. at 84; Childress, *A New Era for Summary Judg-*

*ments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183 (1987); Stempel, *A Distorted Mirror: The Supreme Court's View of Summary Judgment, Directed Verdict, and the Adjudication Process,* 49 Ohio St.L.J. 95 (1988). One commentator notes that after *Anderson, Celotex,* and *Matsushita,* "summary judgment has become recognized not only as a procedure for avoiding unnecessary trials on insufficient claims or defenses but also as an effective case management device to identify and narrow issues. * * * Properly used, summary judgment helps strip away the underbrush and lay bare the heart of the controversy between the parties. It can offer a fast track to a decision or at least substantially shorten the track. But proper use of the rule is the *sine qua non* of its utility." Schwarzer, 139 F.R.D. at 451–52. To be sure, the trilogy has focused much attention on summary judgments by breathing new life into the provisions of Rule 56.

## OUR FINDINGS AND CONCLUSIONS

### I.

#### The Proper Summary Judgment Analysis to be Applied in Tennessee

Comparison of the state and federal case-law construing Rule 56 to date reveals no striking differences. The respective interpretations given the Rule are consistent in most material respects.[3] For example, state and federal constructions recognize that Rule 56 was implemented to enable courts to pierce the pleadings and determine whether the case justifies the time and expense of a trial; that the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issue exists; that the nonmoving party must affirmatively demonstrate with specific facts that there is indeed a genuine and material factual dispute; that the court must view the evidence in favor of the nonmoving party and allow all reasonable inferences in his favor; that trial judges are not to weigh the evidence; that the critical facts are those deemed "material" under the substantive law governing the case; and that summary judgment is to be used only when the resolution of the case depends upon the application of a legal principle, such that there is nothing to submit to the trier of fact to resolve in favor of one party or the other. This similarity of construction is not remarkable since Fed.R.Civ.P. 56 served as the blueprint for our own Rule 56, and the language of both rules is virtually identical.

Today, we reaffirm the summary judgment principles found in the Tennessee cases discussed above. We also embrace the construction of Rule 56 in *Anderson, Celotex,* and *Matsushita* to the extent discussed in the prior section of this opinion relating to those cases. Additionally, we make the following observations to place a finer point on the proper use of the summary judgment process in this state.

■ Rule 56 comes into play only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Thus, the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial.

First, when the facts material to the application of a rule of law are undisputed, the application is a matter of law for the court since there is nothing to submit to the jury to resolve in favor of one party or the other. In other words, when there is no dispute over the evidence establishing the facts that control the application of a rule of law, summary judgment is an ap-

---

**3.** Perhaps this is why our intermediate appellate courts have begun to approvingly cite *Celotex* with some regularity. *See, e.g., Goodman v. Phythyon,* 803 S.W.2d 697, 703 (Tenn.App.1990);

*Laws v. Johnson,* 799 S.W.2d 249, 251 (Tenn. App.1990); *Stanley v. Joslin,* 757 S.W.2d 328, 330 (Tenn.App.1988); *Owen v. Stanley,* 739

propriate means of deciding that issue.[4]

■ Second, to preclude summary judgment, a disputed fact must be "material". A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed. Therefore, when confronted with a disputed fact, the court must examine the elements of the claim or defense at issue in the motion to determine whether the resolution of that fact will effect the disposition of any of those claims or defenses. By this process, courts and litigants can ascertain which issues are dispositive of the case, thus rendering other disputed facts immaterial.

■ Third, when the evidence or proof in support of or in opposition to a summary judgment motion establishes a disputed fact, and the fact is material, as we have defined that term, the court must then determine whether the disputed material fact creates a genuine issue within the meaning of Rule 56.03. Proceeding from the premise that Rule 56 is intended to avoid unnecessary trials, the test for a "genuine issue" is whether a reasonable jury could legitimately resolve that fact in favor of one side or the other. If the answer is yes, summary judgment is inappropriate; if the answer is no, summary judgment is proper because a trial would be pointless as there would be nothing for the jury to do and the judge need only apply the law to resolve the case. In making this determination, the court is to view the evidence in a light favorable to the nonmoving party and allow all reasonable inferences in his favor. And, again, "genuine issue" as used in Rule 56.03 refers to disputed, material facts and does not include mere legal conclusions to be drawn from those facts.

■ Fourth, the party seeking summary judgment has the burden of demonstrating to the court that there are no disputed, material facts creating a genuine issue for trial, as we have defined those terms, and that he is entitled to judgment as a matter of law.[5] A conclusory assertion that the nonmoving party has no evidence is clearly insufficient. When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05[6] The evidence offered by the nonmoving party must be taken as true. Moreover, the facts on which the nonmovant relies must be admissible at the trial but need not be in

---

S.W.2d 782 (Tenn.App.1987); *Moman v. Walden,* 719 S.W.2d 531, 533 (Tenn.App.1986).

4. For example, such issues would include whether an action is barred by the applicable statute of limitations or by *res judicata;* whether a party has standing; whether the court has jurisdiction; or whether the defendant owes a duty of care to the plaintiff in a tort action. *See* Schwarzer, 139 F.R.D. at 455.

5. The moving party could, for example, make this required showing in several ways. First, the moving party could affirmatively negate an essential element of the nonmoving party's claim, i.e., a defendant in a negligence action would be entitled to summary judgment if he convinced the court that he owed no duty to the plaintiff. Second, the moving party could conclusively establish an affirmative defense that defeats the nonmoving party's claim, i.e., a defendant would be entitled to summary judgment if he demonstrated that the nonmoving party

cannot establish an essential element of his case. *See Celotex,* 477 U.S. at 331, 106 S.Ct. at 2557 (Brennan, J., dissenting); 10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 2727 at 130–31 (2d ed. 1983); Louis, *Federal Summary Judgment Doctrine: A Critical Analysis,* 83 Yale L.J. 745, 750 (1974).

6. Justice Brennan in his dissent in *Celotex* correctly explained that the nonmoving party could satisfy his burden by (1) pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute, (2) by rehabilitating the evidence attacked in the moving party's papers, (3) by producing additional evidence showing the existence of a genuine issue for trial, or (4) submitting an affidavit explaining why further discovery is necessary as provided for in [Tenn.R.Civ.P. 56.06]. *Celotex* at 331–334, 106 S.Ct. at 2557–58.

admissible form as presented in the motion (otherwise an affidavit, for example, would be excluded as hearsay). To permit an opposition to be based on evidence that would not be admissible at trial would undermine the goal of the summary judgment process to prevent unnecessary trials since inadmissible evidence could not be used to support a jury verdict.

In sum, there can be no doubt that summary judgment is a helpful device, in appropriate cases, for the just, speedy, and inexpensive resolution of litigation. Preparing the moving and opposition documents will require the parties to analyze the case, define the legal and factual issues with a high degree of precision, and marshall the relevant evidence. However, in order to fulfill its intended utility, Rule 56 must be properly invoked by the parties [7] and properly applied by the courts. Appropriate application of the Rule is more likely to be achieved if litigants and courts alike keep in mind that the purpose of a summary judgment proceeding is not the finding of facts, the resolution of disputed, material facts, or the determination of conflicting inferences reasonably to be drawn from those facts. "The purpose is to resolve controlling issues of law, and that alone." *Bellamy v. Federal Exp. Corp.*, 749 S.W.2d 31, 33 (Tenn.1988) (citing *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 388 (Tenn.1986) and *Evco Corp. v. Ross*, 528 S.W.2d 20, 25 (Tenn.1975)); *see also Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn.App.1989) (summary judgment "is an efficient means to dispose of cases whose outcome depends solely on the resolution of legal issues."). When a material fact is in dispute creating a genuine issue, when the credibility of witnesses is an integral part of the factual proof, or when evidence must be weighed, a trial is necessary because such issues are not appropriately resolved on the basis of affidavits.

## II.

### Application to the Present Facts

We must now apply the foregoing principles to the facts presented in this appeal. The record reveals that plaintiff, the former head of the Radiology Department at the Scott County Hospital, filed suit on October 27, 1988, alleging that the Defendant physicians had tortiously interfered with his employment at the hospital. The complaint alleged that Plaintiff was terminated from his position as the head of the Radiology Department as a result of Defendants' intentional and malicious interference with his employment "without justification or privilege by exerting influence over the hospital's administration through their use of economic pressures, by interfering with employee evaluations, performance, scheduling, and discipline." Plaintiff further alleged that "as a direct and proximate result of Defendants' tortious interference with [his] employment, [he] has suffered lost wages, significant benefits, and has further sustained great embarrassment and humiliation within [the] community." The Defendants filed an answer denying the allegations and asserted the defense of failure to state a claim upon which relief could be granted.

In October, 1989, approximately one year after the complaint was filed, Defendants served interrogatories upon the Plaintiff seeking to discover the details supporting the allegations contained in the complaint. The interrogatories were never answered by the Plaintiff and the Defendants never filed a motion to compel. Other than the Defendants' interrogatories, neither side undertook any formal discovery.

In June, 1990, approximately eight months after the interrogatories were served, Defendants filed a motion for summary judgment on the basis that the complaint failed to state a cause of action. The motion was accompanied by a brief but

---

**7.** A factually baseless or legally untenable summary judgment motion would certainly be subject to Tenn.R.Civ.P. 11 as construed in *Andrews v. Bible*, 812 S.W.2d 284 (Tenn.1991). Accordingly, filing the motion is by no means a no-risk proposition for the defendant, who is more of-ten than not the moving party. The motion must have a reasonable basis in fact and law. Also, Rule 56.07 provides for sanctions when an improper affidavit is submitted in support of or in opposition to the motion.

without affidavits or other supporting material. Approximately five months later, on November 27, 1990, the day the motion was argued, Plaintiff filed his affidavit in opposition to the motion.[8]

The trial court granted the Defendants' motion for summary judgment because "there was no material issue of fact." The Court of Appeals affirmed, explaining that the Defendants "sustained their burden by interrogatories directed to the Plaintiff who chose not to respond thereto, requiring the ultimate conclusion that there was no evidence to support his complaint." For the reasons discussed below, we reverse.

 The grant of summary judgment to the Defendants was improper. Plaintiff, as the nonmoving party, set forth specific facts in paragraphs 6 through 9 of his affidavit filed in opposition to the motion for summary judgment. Those allegations, if taken as true, create genuine issues of material fact. The Defendants, in their brief filed in support of their motion for summary judgment, state that the events/facts set forth in paragraphs 6 through 9 of the Plaintiff's affidavit "if they took place, which has not been proven, were necessary and proper and done within the course and scope of [the Defendants'] employment." The parties' basic disagreement as to whether these incidents even

occurred at all raises genuine issues of material fact that the trier of fact must legitimately resolve. Although the Plaintiff's affidavit does not provide specific dates of these occurrences or verbatim quotes from the Defendants, his assertions are specific enough to withstand a motion for summary judgment, particularly in view of the fact that the Defendants submitted no countervailing affidavits, but simply denied that the alleged events ever even occurred. The Plaintiff is not required to prove his entire case by a preponderance of the evidence at the summary judgment stage. He need only raise genuine issues of material fact, making summary judgment inappropriate. Nothing more is required of the Plaintiff as the nonmoving party.

In view of the foregoing, the judgment of the courts below are reversed and the case remanded for further proceedings consistent with this opinion. Costs are adjudged against the Defendants.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

---

8. The Plaintiff's affidavit, in pertinent part, states:

2. That for twenty-seven years, he was employed at the Scott County Hospital. During that time, he was head of the Radiology Department for twenty-two (22) years.

3. That on or about the 19th day of October, 1987, he was summarily discharged on the basis of insubordination, inefficiency and refusal to follow orders.

4. That those charges were without any basis in fact, both with respect to circumstances arising prior to dismissal, as well as with regard to the underlying reasons for seeking his discharge.

5. That for a significant period of time, the Defendants had repeatedly brought substantial pressure upon him to violate well-known medical procedures.

6. That these incidents included his being required to inject certain dyes into patients, without a doctor being present. At other times, he was asked to do nuclear scans of patients' hearts. With respect to this latter procedure, the patient was transferred from the Hospital to the doctor's clinic and back again, while the

patient was in a highly stressed condition. It is this Affiant's believe (sic) that such procedure required the doctor to be present, as it was highly dangerous to the patient.

7. That as a portion of the Affiant's job responsibilities, he was required to prepare the schedules for certain technicians in the Radiology Department of the Hospital. Many of the same technicians worked on a part-time basis for the Defendants at their private practices.

8. That the Defendants began scheduling the Hospital technicians which were under the supervision of the Affiant at times which conflicted with the scheduling propounded by the Affiant. The Defendants complained about his scheduling to the Affiant and threatened to retaliate by causing him to lose his job if he did not change the manner in which he scheduled the technicians.

9. That he believes that his discharge was in retaliation for his refusal to violate medical procedures and Tennessee law, for his scheduling of technicians employed by Scott County Hospital which the Defendants also employed privately, and not for the reasons stated in his termination notice.