## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

RAY DEAN BURGESS,                     )
                                      )
    Plaintiff/Appellant,              )
                                      )
                                      )  Putnam Circuit
VS.                                   )  No.  J-4736
                                      )
                                      )  Appeal No.
ANTHONY S. HARLEY,                    )  01-A-01-9502-CV-00045
                                      )
    Defendant                         )
                                      )
and                                   )
                                      )
PUTNAM COUNTY HIGHWAY                  )
DEPARTMENT and PUTNUM                  )
COUNTY, A BODY POLITIC,                )
                                      )
    Defendants/Appellees.             )

**FILED**

**July 10, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

### SEPARATE  CONCURRING  OPINION

Concurring in the result reached, I respectfully assert my conviction that, when a Defendant moves for summary judgment the burden of producing evidence to support evidence of every aspect of his case does not pass to the Plaintiff until Defendant has produced or pointed out evidence to negative every aspect of the case.  The burden shifts to the Plaintiff only to contradict the evidence offered or pointed out by Defendant.

Of course, evidence that Plaintiff cannot prove one or more aspects of his case does shift the burden to Plaintiff to show how he can prove such aspects, but proof of such inability must come from Plaintiff's admissions or equally substantive evidence.  As stated in *Byrd v. Hall*, (Tenn.1995), 847 SW2d, 213,  "a conclusory assertion that the non-moving party has no evidence is clearly insufficient."

Respectfully submitted,

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION