# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

JOHN J. BANDEIAN, JR., M.D.,    )

                      )

    Plaintiff/Appellant,    )

                      )        Davidson Circuit

                      )        No. 95C-3587

VS.                    )

                      )        Appeal No.

                      )        01A01-9703-CV-00140

MARTIN H. WAGNER, M.D.,    )

                      )

    Defendant/Appellee.    )

**FILED**

**October 29, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

## CONCURRING OPINION

I concur in the results of the court's opinion for two reasons. First, the affidavits submitted by Dr. Bandeian in response to Dr. Wagner's motion for summary judgment do not contain specific facts that would be admissible in evidence demonstrating the existence of material factual disputes or that Dr. Wagner is not entitled to a judgment as a matter of law.[1] Second, Dr. Bandeian has not demonstrated the existence of heightened concerns for Dr. Wagner's credibility.[2]

_____
WILLIAM C. KOCH, JR., JUDGE

---

[1] A basic tenet of summary judgment practice is that a party faced with a properly supported motion for summary judgment must come forward with specific facts that would be admissible in evidence demonstrating that there are material factual disputes or that the moving party is not entitled to a judgment as a matter of law. *See Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn. 1993); *Wadlington v. Miles, Inc.,* 922 S.W.2d 520, 522 (Tenn. Ct. App. 1995); Tenn. R. Civ. P. 56.06.

[2] Summary judgments should not be used to make credibility determinations. *See Byrd v. Hall*, 847 S.W.2d at 216. However, the credibility concerns that warrant denying a motion for summary judgment must rise to a level greater than the normal credibility questions that arise whenever a witness testifies. *See Hepp v. Joe B's, Inc.,* App. No. 01A01-9604-CV-00183, 1997 WL 266839, at *2 (Tenn. Ct. App. May 21, 1997) (No Tenn. R. App. P. 11 application filed).