IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 12, 2014 Session

## CADENCE BANK, NA v. THE ALPHA TRUST, ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH1206543     Kenny W. Armstrong, Chancellor**

---

**No. W2014-01151-COA-R3-CV - Filed February 25, 2015**

---

J. STEVEN STAFFORD, P.J., W.S., dissenting in part.

I agree with the result reached by the majority Opinion with regard to whether Cadence was properly authorized to bring this suit. I also concur in the majority's conclusion that the Appellants cannot survive summary judgment on their claims arising from the parties' written contract. I must respectfully dissent, however, from the majority's holding that summary judgment was proper with regard to Appellants' breach of contract and promissory estoppel claims concerning the alleged oral contract. My disagreement with the majority's Opinion is two-fold. First, a genuine dispute of fact exists over whether the parties entered into a binding oral contract. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). Second, contrary to the majority's conclusion that no contract existed between the parties based on the omission of material terms, Tennessee law will uphold a contract's formation even though one party has discretion to choose between material terms. *Gurley v. King*, 183 S.W.3d 30, 41 (Tenn. 2005). Accordingly, I would reverse the trial court's grant of summary judgment in favor of Cadence Bank on Appellants' claims under the alleged oral contract.

Because this is an issue concerning an oral contract, I begin with the general rules concerning contracts of this nature. As recently explained by this Court:

> A contract can be expressed, implied, written, or oral.
> *Peoples Bank of Elk Valley v. ConAgra Poultry Co.*, 832
> S.W.2d 550, 553 (Tenn. Ct. App. 1991) (quoting *Jamestowne*
> *on Signal, Inc. v. First Fed. Sav. & Loan Ass'n*, 807 S.W.2d
> 559, 564 (Tenn. Ct. App. 1990)). "While oral contracts are

enforceable, persons seeking to enforce them must demonstrate (1) that the parties mutually assented to the terms of the contract and (2) that these terms are sufficiently definite to be enforceable." *Burton v. Warren Farmers Co-op.*, 129 S.W.3d 513, 521 (Tenn. Ct. App. 2002) (citing *Davidson v. Holtzman*, 47 S.W.3d 445, 453 (Tenn. Ct. App. 2000); *Castelli v. Lien*, 910 S.W.2d 420, 426–27 (Tenn. Ct. App. 1995)[)]. The contemplated mutual assent need not be manifested in writing; it may be manifested, in whole or in part, by the parties' spoken words or by their actions or inactions. *Id.* However, the contemplated mutual assent "should not . . . be inferred from the unilateral acts of one party or by an ambiguous course of dealing between the parties from which different inferences regarding the terms of the contract may be drawn" and it "may not rest solely on the uncommunicated intentions or states of mind of the contracting parties." *Id.*

"Indefiniteness as to any essential element of an agreement may prevent the creation of an enforceable contract." *Peoples Bank of Elk Valley*, 832 S.W.2d at 553 (citing *Jamestowne*, 807 S.W.2d at 564[)]. Therefore, a contract must be sufficiently explicit so a court can perceive the respective obligations of the parties. *Doe v. HCA Health Servs. of Tennessee, Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001). "The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Jamestowne*, 807 S.W.2d at 564 (quoting Restatement (Second) of Contracts § 33(2) (1981)). Moreover, the "[d]estruction of contracts because of uncertainty has never been favored by the law, and with the passage of time, such disfavor has only intensified.["] *Gurley v. King*, 183 S.W.3d 30, 34 (Tenn. Ct. App. 2005).

*Bridgeforth v. Jones*, No. M2013-01500-COA-R3-CV, 2015 WL 336376, at *10–*11 (Tenn. Ct. App. Jan. 26, 2015). "Precedent requires us to use an objective test to determine mutual assent, rather than the outdated 'meeting of the minds' theory." *Cummins v. Opryland Prods.*, No. M1998-00934-COA-R3-CV, 2001 WL 219696 (Tenn. Ct. App. 2001) (citing *Higgins v. Oil, Chem., & Atomic Workers Int'l Union*, 811 S.W.2d 875, 879 (Tenn. 1991) (using an objective test to find no contract had been formed between the parties based on ongoing negotiations and the testimony of one party that he expected changes after the oral promise had been made)). Further, this Court has previously explained that when considering

the question of:

> . . . whether or not [something] should be construed as a binding contract, we must keep in mind that

> > '[t]he primary test as to the actual character of a contract is the intention of the parties, to be gathered from the whole scope and effect of the language used, and mere verbal formulas, if inconsistent with the real intention are to be disregarded. . . . But the existence of a contract, the meeting of the minds, the intention to assume an obligation, and the understanding are to be determined in case of doubt not alone from the words used, but also the situation, acts, and the conduct of the parties, and the attendant circumstances.'

*Gurley*, 183 S.W.3d 30, 43 (Tenn. Ct. App. 2005) (citing 17 Am.Jur.2d *Contracts* § 1 (1964)).

As I perceive it, the majority Opinion concludes that the alleged oral contract in this case fails on both elements—evidence of mutual assent and sufficiently definite terms. I respectfully disagree as to both elements, as I conclude that drawing all reasonable inferences in the Appellants' favor, material factual disputes exist as to each element. *See Martin v. Norfolk So. Ry. Co.*, 271 S.W.3d 76, 88 (Tenn. 2008) (Koch, J., concurring) (citing *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001); *Mason v. Seaton*, 942 S.W.2d 470, 473 (Tenn. 1997)) (stating that summary judgment is improper when "there is any dispute regarding the reasonable inferences that can be drawn from the undisputed facts"); *see also Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003) (requiring courts analyzing summary judgment issues to draw all reasonable inferences in the non-moving party's favor); *Layhew v. Dixon*, 527 S.W.2d 739, 742 (Tenn. 1975) (opining that summary judgment was inappropriate because of factual disputes even though the issue to be decided was an issue of law). Accordingly, summary judgment was inappropriate.

First, the facts of this case raise a legitimate question of fact concerning whether a contract was created by the mutual assent of the parties. According to this Court, when there is a dispute, at the summary judgment stage, as to whether the parties entered into an oral contract, the determinative question is "whether or not reasonable minds could differ" as to whether a binding contract had been created. *Bridgeforth*, 2015 WL 336376, at *17.

Accordingly, we look to the evidence to determine whether factual disputes would cause reasonable minds to differ on this question.

Here, the evidence central to this dispute is a statement made by Mr. Uthe in a sworn affidavit. Specifically, Mr. Uthe states:

> Leonard McKinnon . . . made misleading statements to [David B. Uthe] **by telling [him] that it was okay for the Defendants to renew the loan with no questions asked** provided that said Defendants provide him with tax returns for the year of 2010, wherein there was neither any follow up by said Mr. McKinnon nor was the loan renewal and/or refinance being processed . . .

(Emphasis added). Accordingly, the record contains specific, unambiguous evidence from Mr. Uthe that a contract was created after Mr. McKinnon made an unambiguous oral promise to refinance the loan "no questions asked" other than a requirement to provide tax returns. Importantly, the promise alleged above contains no requirement that Appellants obtain a new assessment of the property, despite the fact that Cadence later insisted on this requirement. Cadence admits that the parties entered into some oral negotiations; in fact, from my review of the record, Cadence never expressly denies that Mr. McKinnon made this statement. Instead, Cadence merely denies that this statement is evidence that a binding contract was created between the parties. Under these circumstances, I cannot conclude that the record contains no evidence that the parties' mutual assent to a contract to refinance the loan was "manifested, in whole or in part, by the parties' spoken words." ***Bridgeforth***, 2015 WL 336376, at *11 (quoting ***Burton***, 129 S.W.3d at 521). In addition, the parties' course of dealing[1] and prior agreements demonstrate that renewal of this particular loan had occurred several times prior with minimal effort from Appellants and with minimal resistance from Cadence Bank, supporting Appellants' position that a binding contract had been created. Thus, the parties' course of dealing was not "ambiguous" and may be considered in determining whether an oral contract was entered into in this case. ***Bridgeforth***, 2015 WL 336376, at *11 (quoting ***Burton***, 129 S.W.3d at 521). Considering these facts, reasonable minds could differ as to whether the parties' oral negotiations resulted in a binding contract to permit Appellants to refinance the loan with "no questions asked." *See* ***Bridgeforth***, 2015 WL 336376, at *17 (concluding that with regard to a "preliminary" oral contract, genuine issues of fact prevented summary judgment because reasonable minds could differ as to, *inter alia*, the import of the parties oral representations); ***Gurley***, 183 S.W.3d at 43 (concluding

---

[1]The record indicates that the parties' 2001 Promissory Note was refinanced as memorialized in the parties' 2006 Modification Agreement. Several years later, the principal balance and number of payments to be made were altered again via the 2011 Change in Terms Agreement.

that with regard to a "preliminary" oral contract, summary judgment was inappropriate because reasonable minds could differ as to whether a contract had been created). Although the majority Opinion correctly points out that contract formation is an issue of law, *see German v. Ford*, 300 S.W.3d 692, 701 (Tenn. Ct. App. 2009), the facts concerning whether we can decide this issue are in dispute. As such, "a trial is necessary . . ." *Byrd*, 847 S.W.2d at 216, 210 (opining that "the [summary judgment] procedure is clearly not designed to serve as a substitute for the trial of genuine and material factual matters").

I also disagree with the majority's conclusion that the omission of essential terms is fatal in this case. The majority opines: "Appellants also offer no evidence to suggest any certainty in the term of the loan renewal or the principal amount to be financed." The majority states that the principal balance, interest rates, and payment amounts were unknown terms precluding the finding of an enforceable contract. As previously, discussed, in order to enforce a valid oral contract, a party must show that the terms of the contract are sufficiently definite. *Bridgeforth*, 2015 WL 336376, at *10.

I do not agree that the terms in this case are fatally uncertain. Mr. Uthe's above statement indicates that the parties agreed to refinance the loan "no questions asked" so long as some minor conditions were fulfilled. Merely because a contract contains a condition precedent to performance does not indicate that no binding contract is created. Instead, the failure to perform a condition precedent is interpreted as a breach of the contract. *See generally Covington v. Robinson*, 723 S.W.2d 643, 645 (Tenn.Ct.App.1986) (citing *Strickland v. City of Lawrenceburg*, 611 S.W.2d 832 (Tenn.Ct.App.1981)). When properly read in the light most favorable to Appellants, Mr. Uthe's above statement indicates that Mr. McKinnon offered to renew the loan without any further negotiation, at the current interest rate, with the current principal balance, with the same payment amounts. While we may doubt that Cadence would enter into such an agreement on terms so favorable to the Appellants, to grant summary judgment on this issue would be to improperly weigh the evidence. *See Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993) ("The court is not to 'weigh' the evidence when evaluating a motion for summary judgment.") (citing *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 389 (Tenn. 1986)). Here, Mr. Uthe's statement that Cadence promised to renew the loan "no questions asked," taken in the light most favorable to it, demonstrates that the parties had reached an agreement and that agreement provided that the parties would refinance the loan on the same terms as had been utilized in their prior agreement. Under these circumstances, I would conclude that Mr. Uthe has alleged a contract with sufficiently definite terms to survive summary judgment.

However, the formation of a contract is not precluded even if one does not assume that "no questions asked" means that the current terms shall continue into the renewal of the loan. Tennessee Courts have previously found binding contracts where some terms were uncertain

at the time of contract formation. *See* ***Gurley v. King***, 183 S.W.3d 30, 41 (Tenn. 2005) ("The fact that the parties to a purported contract omitted certain provisions that are commonly included may indicate an intention to be bound without them and the gaps may be provided for in the decree."). Further, a contract may be sufficiently certain even if its leaves material terms up to the discretion of one party. ***Id.*** (citing ***Lo Bosco v. Kure Eng'g Ltd.***, 891 F. Supp 1020, 1026 (D.N.J. 1995)). As this Court has very recently opined:

> Although the existence of open terms generally suggests that binding agreement has not been reached, that is not necessarily so. For the parties can bind themselves to a concededly incomplete agreement in the sense that they accept a mutual commitment to negotiate together in good faith in an effort to reach final agreement within the scope that has been settled in the preliminary agreement.

***Bridgeforth***, 2015 WL 336376, at \*16 (quoting ***Gurley***, 183 S.W.3d at 40–41) (quoting ***Teachers Ins. & Annuity Assoc. of Am. v. Tribune Co.***, 670 F.Supp. 491, 498 (S.D.N.Y. 1987)). Even assuming, *arguendo*, that the parties' agreement omits essential terms, Mr. Uthe's statement explaining that the loan would be renewed "no questions asked" should be interpreted in favor of the Appellants to mean that the "parties had committed themselves to some of the major terms, [even if] other essential elements remain to be negotiated." ***Bridgeforth***, 2015 WL 336376, at \*16. Thus, at the very least, Mr. Uthe's affidavit indicates that the parties committed themselves "to negotiate the open issues in good faith in an attempt to reach the alternate objective within the agreed framework." ***Bridgeforth***, 2015 WL 336376, at \*16 (quoting ***Gurley***, 183 S.W.3d at 40–41) (quoting ***Teachers***, 670 F.Supp. at 498). Tennessee law recognizes this as a valid and enforceable contract from which a breach of contract action may lie.

In addition, I disagree with the majority's characterization of the alleged oral promise by Mr. McKinnon as too vague to form the basis as a claim for promissory estoppel. Similar to my foregoing analysis pertaining to contract formation, I believe that Appellants met their burden on summary judgment by producing evidence demonstrating that a material dispute of fact existed regarding the interpretation of Mr. McKinnon's oral promise to renew the Appellants' loan.

_____
J. STEVEN STAFFORD, JUDGE