# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| **RONALD E. NELSON,** | ) | From the Shelby County Circuit Court |
| | ) | at Memphis, Tennessee |
| Plaintiff/Appellant, | ) | |
| | ) | The Hon. James E. Swearengen, Judge |
| **vs.** | ) | |
| | ) | Trial Court No. 67592 T.D. |
| | ) | Appeal No. 02A01-9707-CV-00150 |
| | ) | |
| **JAMES P. EVERETT, et al,** | ) | **AFFIRMED** |
| | ) | |
| Defendants/Appellees. | ) | **W. Lee Whitman** |
| | ) | Memphis, Tennessee |
| | ) | Attorney for Appellant |
| | ) | |
| | ) | **Richard Glassman** |
| | ) | Memphis, Tennessee |
| | ) | Attorney for Appellees |

FILED

March 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

---

## MEMORANDUM OPINION[1]

---

***HIGHERS, J.***

Plaintiff/Appellant, Ronald E. Nelson ("Nelson") appeals the judgment of the trial court granting defendants/appellees', James P. Everett ("Everett") and Memphis Publishing Company, Inc., d/b/a *The Commercial Appeal* ("Memphis Publishing Company") (collectively "defendants"), motion for summary judgment. For reasons stated hereinafter, we affirm the judgment of the trial court.

On February 3, 1995, Nelson filed this suit alleging the negligence of Everett and his employer Memphis Publishing Company. At approximately 12:00 a.m. on the morning of February 5, 1994, Everett was driving a vehicle northbound on Third Street in the course of his employment with Memphis Publishing Company. Specifically, Nelson alleges that Everett was negligent in the operation of a motor vehicle on February 5, 1994, when Everett allegedly collided with the person of Nelson.

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

There is some dispute as to how the accident occurred. Everett maintains that Nelson had his back to Everett and suddenly and without warning fell from the curb directly onto the street in front of the truck Everett was driving. Everett further contends that he had no time to react or to avoid the collision with Nelson. A witness to the collision stated in his affidavit that he "saw a black man swaying a little bit, but he did not step into the street. . . [t]he pedestrian who was then on the sidewalk leaned a little bit and was hit by the white panel truck." In his deposition, Nelson states that he was walking down Third Street after having a few drinks at a local night club that he frequented. As he was sauntering down Third Street, Nelson states that a car pulled up and shot him in the groin area. Thereafter, he claims that he walked about six more blocks down Third Street, became dizzy, felt a "burning" sensation in his crotch, and started waving his jacket for help. Nelson's next memory is of waking up in the hospital with the doctors informing him that he had been shot in the testicles and run over by a vehicle.

In the complaint filed by Nelson in this cause on February 3, 1995, he stated that he "collapsed and fell into the street in front of the vehicle driven by James P. Everett." In their answer, defendants admitted that Nelson "fell into the street suddenly and without warning in front of the vehicle driven by the Defendant Everett."

On September 11, 1995, defendants filed a motion for summary judgment supported by the affidavit of Everett. Nelson countered defendants' motion for summary judgment with the affidavit of the sole eyewitness to the incidents in question--Howard J. Williams. On December 13, 1996, the motion for summary judgment was heard and the trial court rendered its decision by order which was entered on January 7, 1997, granting defendants' motion. This appeal ensued.

Our review of the trial court's order granting summary judgment is *de novo* on the record before this Court, with no presumption of correctness. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

2

When considering a motion for summary judgment, the trial court considers whether a factual dispute exists, whether the disputed fact is material to the outcome of the case and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn.1993). When confronted with a disputed fact, the court must examine the elements of the claim or defense at issue and determine whether the resolution of the fact will affect the disposition of the claim or defense. *Id.* at 215. If there is no genuine issue as to any material fact and a moving party is entitled to judgment as a matter of law, the court should grant the moving party's motion for summary judgment. Tenn. R. Civ. P. 56.03. In *Byrd*, the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

In order to prevail in an action based upon negligence, a plaintiff must establish: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn.1993); *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn.1991); *Lindsey v. Miami Development Corp.*, 689 S.W.2d 856, 858 (Tenn.1985).

After carefully reviewing the record, we conclude that Nelson has failed to prove an essential element of his claim for negligence--that Everett's conduct in operating the vehicle fell below the applicable standard of care amounting to a breach of his duty of reasonable care. In his deposition, Nelson stated:

> Q. And you don't know how you came into contact with the vehicle owned by the Commercial Appeal or Scripps Howard?
>
> A. No.
>
> Q. And you don't have any knowledge as to what the driver of that

3

vehicle did or didn't do that caused you and that vehicle to come in contact with each other?

A. I have no idea.

Q. So you have absolutely no information as to how you ended up in the street in front of the Commercial Appeal vehicle?

A. No, I don't.

Q. And you have absolutely no information as to what, if anything, the Commercial Appeal vehicle did that was wrong in the process of striking you?

A. I didn't even know I had been run over until somebody told me.

In Everett's affidavit testimony, he provided in part:

6. The Plaintiff, with his back to me, suddenly and without any warning, fell from the curb directly onto the street in front of the vehicle I was driving;

7. Without any opportunity to avoid the Plaintiff, I ran directly over the Plaintiff with the curb-side, or right side, tires on the vehicle I was driving.

8. I had absolutely no opportunity to apply my brakes or avoid the Plaintiff in any way, as he fell directly in front of the vehicle I was driving without any warning whatsoever.

Additionally, Nelson provided the affidavit of Williams to counter defendants' motion for summary judgment. Williams averred that he saw a black man "swaying" on the sidewalk and he "leaned a little," but did not actually step off the sidewalk. There is no statement in the affidavit that Everett ever left his lane of travel, jumped the curb or otherwise breached his duty of care to Nelson. We conclude that Williams' testimony fails to raise any genuine issues of material fact concerning whether or not Everett breached his duty to maintain a safe lookout. As such, Nelson has failed to respond adequately to defendants' motion for summary judgment with affidavits or discovery materials to show that there is a genuine issue of material fact concerning an essential element of Nelson's claim of negligence.

A breach of Everett's duty of care is an essential element of Nelson's claim in this negligence action. Summary judgment is appropriate when an essential element of

negligence is missing. *Doe v. Linder Construction Co.*, 845 S.W.2d 173, 183 (Tenn. 1992). In this case, Nelson presented no proof as to how Everett breached his duty to maintain proper lookout when operating a vehicle. In failing to do so, Nelson has failed to establish an essential element his negligence claim and, as such, cannot establish a prima facie case of negligence. Therefore, the trial court did not err in granting defendants' motion for summary judgment.

In light of the foregoing, we affirm the judgment of the trial court granting defendants' motion for summary judgment. Costs of this appeal are assessed against Nelson, for which execution may issue if necessary.

_____
HIGHERS, J.

_____
FARMER, J.

_____
LILLARD, J.