FILED

May 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

REGINA M. OATES and ) C/A NO. 03A01-9712-CV-00545
husband, JAMES OATES, )
) SEVIER CIRCUIT
    Plaintiffs-Appellants, )
) HON. RICHARD R. VANCE,
v. ) JUDGE
)
GLENSTONE LODGE, INC., d/b/a )
DAYS INN-GLENSTONE LODGE, )
) VACATED AND
    Defendant-Appellee. ) REMANDED

JOHN K. HARBER, PRYOR, FLYNN, PRIEST & HARBER, Knoxville, for Plaintiffs-Appellants.

R. KIM BURNETTE, ARNETT, DRAPER & HAGOOD, Knoxville, for Defendant-Appellee.

## O P I N I O N

Franks, J.

    In this action, the plaintiff brought suit for damages for personal injuries sustained when she fell on defendant's premises. The Trial Court, responding to a Motion for Summary Judgment, dismissed the action on the basis that the situs of plaintiff's fall was an open and obvious condition, with no duty on the part of the

proprietor to warn invitees.

On December 12, 1993, plaintiff was a guest of the Glenstone Lodge, in Gatlinburg. Outside the front entrance to the hotel was a drive-through area for loading and unloading passengers and luggage. Defendant had constructed a short concrete ramp in this area so that guests could roll luggage from the street level to the sidewalk. The ramp, as well as the sidewalk was covered with all-weather carpeting.

Plaintiff and some friends were exiting the hotel to a convention site down the street from the front entrance. She was talking to one of her friends who was walking beside her, and according to plaintiff, this conversation momentarily distracted her, and as she stepped off the curb and into the drive-through area, her left foot landed on the ramp, and she fell, causing personal injuries.

On evaluating a motion for summary judgment, the Trial Court should consider "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for a trial." *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). If there is no genuine issue as to any material fact, the movant is entitled to judgment as a matter of law. *Id.* at 215. No presumption of correctness attaches to decisions granting summary judgment because they involve only questions of law. *Hembree v. State*, 925 S.W.2d 513 (Tenn. 1996); Tenn.R.App.P. 13(d).

On appeal, we are required to review the evidence in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. *Gray v. Amos*, 869 S.W.2d 925 (Tenn.App. 1993).

After the trial court granted summary judgment in this case, the Tennessee Supreme Court released its opinion in *Coln v. City of Savannah*, 1998 WL 139096 (Tenn.). In *Coln*, the court held that the "open and obvious" rule is not

2

necessarily a complete bar to recovery in premises liability actions. Under *Coln*, the open or obvious nature of a danger "does not, ipso facto, relieve a defendant of a duty of care." *Id*. at *9. Rather, "the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm." *Id.*

The existence of a duty is a question of law. *Blair v. Campbell*, 924 S.W.2d 75 (Tenn. 1996). Only after a duty has been established does comparative fault become part of the analysis. *Coln*, 1998 WL 139096 at *7. Thus, it is first necessary to determine if the defendant owed any duty to plaintiff. If defendant owed no duty, then summary judgment may be appropriate. *Id.,* at *9.

There is material evidence establishing a duty on defendant in this case. Generally, premises owners owe invitees a duty of reasonable care under all of the circumstances. *Eaton v. McLain*, 891 S.W.2d 587, 593 (Tenn.1994). Business owners generally have a duty to maintain their premises in a reasonably safe condition. *Id.* As part of this duty, the owners must either remove or warn against any dangerous condition on the premises of which they are aware or should have been aware though the exercise of reasonable diligence. *Id.* 593-94. Generally, "[a] risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995).

In *Coln*, the Supreme Court endorsed the principles contained in the Restatement (Second) of Torts § 343(A). This section states:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor

3

should anticipate the harm despite such knowledge or obviousness.

Thus, a premises owner may owe a duty to invitees if the owner can anticipate harm, even if a hazard is open and obvious. "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Restatement (Second) of Torts, § 343(A) (comment f). These principles relate to the foreseeability question and are more meaningful than simply labeling a condition as open and obvious. *Coln,* 1998 WL 139096 at *7.

Although the evidence suggests that the ramp was an open and obvious condition, summary judgment was inappropriate in this case. The defendant offered the affidavits of an employee, Pamela Joyce, and John Hungerford, a safety engineer. These affidavits state that the area was well-lighted and that there were no defects in the carpeting. Although these factors may favor the defendant in apportioning negligence, they do not warrant a finding of no duty. The defendant's agents obviously knew about the presence of the ramp, and the ramp was in front of the main entrance to the hotel, where defendant invited and expected pedestrian traffic. Motor vehicles drove through this area as well. Since the ramp was in a main area used for loading and unloading, it is foreseeable that persons entering and leaving the hotel could be distracted, either by vehicular or other pedestrian traffic. Moreover, defendant could have placed a warning sign, railing or other device by the ramp at little cost. Accordingly, we conclude that the Trial Court erred in granting summary judgment and we remand for further proceedings consistent with this opinion.

The costs of the appeal are assessed to defendant.

4

_____
Herschel P. Franks, J.

CONCUR:


_____
Don T. McMurray, J.
.



_____
Charles D. Susano, Jr., J.