# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 2000 Session

## JAMES OLIVER ROSS v. COMMISSIONER DONAL CAMPBELL

**Appeal from the Chancery Court for Davidson County**
**No. 99-9954-III      Ellen Hobbs Lyle, Chancellor**

----

**No. M1999-01805-COA-R3-CV - Filed August 16, 2000**

----

An inmate in custody of the Tennessee Department of Correction brought an action for declaratory judgment contending that the Department failed to give him all sentence credits due. The trial court granted the respondent's motion for summary judgment and we affirm on the basis that no genuine issue of material fact was shown.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J.,W.S. and HOLLY K. LILLARD, J., joined.

James Oliver Ross, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; and Pamela S. Lorch, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

James Oliver Ross, an inmate in custody of the Tennessee Department of Correction ("TDOC"), brought an action for declaratory judgment in the trial court contending that TDOC failed to give him the sentence credits to which he is due. He contends that he should have received 165 days of sentence reduction credits for the time served in the Gibson County jail from May 19, 1991 to May 1, 1992. He further contends that he was not awarded proper pretrial jail credits for a period of time from May 19, 1991 to May 1, 1992. A motion for summary judgment was filed in behalf of Commissioner Campbell. In support of the motion, the affidavit of Faye Claud was filed. It was

----

[1]**Rule 10 (Court of Appeals). Memorandum Opinion. -- (b)** The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

stated in the affidavit that Faye Claud is employed by the TDOC as Manager of Sentence Information Services.

The affidavit states further that the petitioner was sentenced June 23, 1983, in Madison County Criminal Court on three different cases each assigned a 20-year sentence which sentences were ordered to run concurrently with each other and 193 days of pretrial jail credit was applied to each of the cases. No pretrial behavior credit was applied toward the calculation because the statute awarding pretrial behavior credit did not become effective until 1989.

The affidavit of Faye Claud further establishes that the petitioner was sentenced again on July 11, 1983, to an additional sentence of one year for arson in Madison County Criminal Court. The latest sentence was ordered consecutive to the 20 years imposed in the prior three cases for a trial sentence structure of 21 years. Pretrial jail credit was awarded toward the consecutive sentence beginning May 13, 1983, and ending June 22, 1983, for a total of 41 days. The petitioner was then released to parole supervision effective April 18, 1990, and he was revoked from parole effective November 26, 1991.

With respect to the petitioner's second contention that he is entitled to 165 days of credit for the time he served in the Gibson County jail, the affidavit of Faye Claud establishes that the records of the Department of Correction reflect that Mr. Ross was confined in the Gibson County jail from June 4, 1991, until he was returned to the Mark Luttrell Reception Center on May 1, 1992. No time was taken for the parole violation and all time spent in jail in Gibson County was counted as time served on the sentences that he was paroled on. However, no additional credit was allowed for the time in custody pending return to the Department of Correction. The petitioner became eligible to earn sentence reduction credits after the parole revocation on November 26, 1991. Department of Correction records show the Gibson County jail submitted 14 days program credits for the March 1992 credit month. In addition to the program credits, 22 days of behavior credits were applied to the calculation by TDOC, giving a total of 36 days sentence reduction credits for the time in custody after the parole revocation. The Gibson County jail authorities have forwarded no additional credits to the Department of Correction and have not stated any particular time frames and amounts of credits to be applied toward the calculation.

Mr. Ross relies upon a letter of October 29, 1994 from Lieutenant Billy Taylor, Chief Administrator-Jail of the Gibson County Sheriff's Department to TDOC. The letter states as follows:

To Whom It May Concern
RE: Ross, James O.
    Tomis # 00100046

The above named individual served time in our jail from 5-19-91 to 5-1-92 or 351 days.

Although no work records from that period are available, the general consensus here is that Mr. Ross worked the majority of the time he was here and was a model inmate.

We therefore recommend, he be given 165 days good time credits.

As the chancellor correctly set forth in her Memorandum and Order granting summary judgment, T.C.A. § 41-21-236 contains very specific provisions for the calculating and dispensing of sentence reduction credits. Such sentence credits are not earned or credited automatically, but awarded on a monthly basis to an inmate at the discretion of the responsible warden (or jailer). *See* T.C.A. § 41-21-236(a)(3) and (d).

As stated in the letter, it is recommended that Mr. Ross be given 165 days good time credits. However, the letter further states that no work records are available for that period to substantiate such credits but merely that "the general consensus here is that Mr. Ross worked the majority of the time that he was here and was a model inmate."

As the party seeking summary judgment, the Department had the initial burden of demonstrating that there were no disputed, material facts creating a genuine issue for trial and that it was entitled to a judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Once the Department made a properly supported motion, however, the burden then shifted to Ross to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in rule 56.04, establishing that there were indeed disputed, material facts creating a genuine issue that needed to be resolved by the trier of fact. *Id*. In meeting this burden, Ross could not merely rely upon the allegations or denials of his pleadings. *Id*. Moreover, Ross' status as a *pro se* litigant did not excuse him from presenting the evidence required to carry his burden. *Teaster v. Department of Correction*, No. 01A01-9608-CH-00358, 1998 WL 195963, at *5 (Tenn. Ct. App. Apr. 24, 1998) (*no perm. app. filed*).

After reviewing the record in this matter, we have determined that Mr. Ross has failed to demonstrate that a disputed, material fact exists that needs to be resolved at trial. He simply failed to respond to the affidavit of Faye Claud in the manner required by Tenn. R. Civ. P. 56.04.

The judgment of the trial court is affirmed and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, James Oliver Ross, for which execution may issue if necessary.

                                         _____

                                         DAVID R. FARMER, JUDGE