**Betty C. POORE, Plaintiff-Appellant,**

v.

**MAGNAVOX COMPANY OF TENNESSEE, Defendant-Appellee.**

Supreme Court of Tennessee, at Knoxville.

Feb. 27, 1984.

---

Carl R. Ogle, Jr., Jefferson City, for plaintiff-appellant.

H. Scott Reams, Morristown, for defendant-appellee.

## OPINION

BROCK, Justice.

In this worker's compensation case the trial court granted a summary judgment in favor of the defendant, holding that (1) the statute of limitations had run on the plaintiff's cause of action and (2) that plaintiff's injury was not compensable. In this Court the attorney for the defendant-appellee admits that an issue of fact was created respecting the second ground of the summary judgment.

The issue presented, then, is whether or not the trial court erred in granting summary judgment to the defendant on the ground that the plaintiff's action was barred by the statute of limitations of one year. The instant civil action was filed on June 30, 1980, within one year of the voluntary non-suit entered on July 16, 1979, terminating the first action filed by the employee seeking to enforce this claim. That first action was filed on May 1, 1978, and thus the real issue is whether that action was timely filed.

The trial court is authorized, in a proper case, to grant a motion for summary judgment under Rule 56, Tennessee Rules of Civil Procedure. That Rule provides, in pertinent part, as follows:

"The judgment sought shall be rendered forthwith if the pleadings, the depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The summary judgment procedure is not to be regarded as a substitute for trial of disputed issues of fact. *Taylor v. Nashville Banner Pub. Co.*, Tenn.App., 573 S.W.2d 476 (1978). As on a motion for a directed verdict, the court deciding a motion for summary judgment must view the pleadings and evidence before it in the light most favorable to the opponent of the motion, on an issue by issue basis. *Wyatt v. Winnebago Industries, Inc.*, Tenn.App., 566 S.W.2d 276 (1977). When weighing such a motion, if the mind of the court entertains any doubt whether or not a genuine issue exists as to any material fact it is its duty to overrule the motion.

In this case the court had before it the complaint and answer, the petitioner's discovery deposition, depositions by Dr. John Ellis and a deposition by Dr. John H. Kinser. We now review those same documents to determine whether or not the court properly granted summary judgment.

For many years the petitioner has worked on an assembly line in a plant in which the defendant produces television sets and in her work has been required to engage in repeated lifting and twisting, often while holding heavy objects. While thus engaged she suffered an apparent minor injury to her back in 1969 which she reported to the employer and she was seen and treated by the employer's physician

but was returned to work after two or three days' absence. Down through the years petitioner continued to do her work in a satisfactory manner. Throughout the time, however, she suffered from pain in her lower back which she and her regular physician, Dr. Ellis, attributed to "female problems."

On April 29, 1977, she "was hurting all over (her) body" while performing her work and at the suggestion of her superiors, she sought medical care and entered a hospital at about 1:30 p.m. where she was examined and treated by Dr. Ellis. Dr. Ellis explained that the reason for her admission was a bronchial disturbance, inflammation and coughing.

He further stated that the patient did, however, complain of back pain when she coughed and this led him to have x-rays made of her low back which disclosed a condition that he described as spondylolisthesis as well as degenerative disc disease. He states that this discovery was made on May 5, 1977. We quote Dr. Ellis as follows:

"... we x-rayed her, and of course, BAM, there that really was ... and I told her that she had (it) ... it did have sort of a shock effect on her. She was upset, and so forth ...."

"Q. It was just incident to the hospitalization that you discovered this condition?

"A. Right."

With respect to the same issue the petitioner in her discovery deposition testified:

"Q. Okay, when did you first find out that you had hurt your back, for sure?

"A. May 2, of 1977.

"Q. And, who told you that?

"A. Dr. John Ellis

        *       *       *       *       *       *

"Q. What did he tell you was wrong with you?

"A. He told me that I had some deterioration and root canal irritation, also, and I can't pronounce the word that he used, it's spon—something.

"Q. Spondylolisthesis?

"A. Yeah, but he had found this three years prior to this, but he hadn't said anything about it to me."

When asked if it would be unusual for the petitioner to attribute her low back pain to her female problems, Dr. John H. Kinser testified:

"Actually, in females this (female problems) is the source of most back pains."

Dr. Kinser further testified that it was the traumatic episodes experienced by the petitioner on April 26 and April 29, 1977, that "had incapacitated her for any gainful employment." Again, he testified that the petitioner is 100% disabled for any gainful employment. Both Dr. Ellis and Dr. Kinser testified that the plaintiff, in addition to her back pain, is also suffering from anxiety and depression which have accompanied the back injury.

Dr. Ellis testified that petitioner's condition can be caused by trauma and "trauma can certainly accelerate it," that petitioner had "got down on herself" and was totally unable to do assembly line work and that he had advised her to quit her work and remain at home so that her activities could be controlled by the presence or absence of her pain.

The defendant's argument is that the plaintiff's first petition which was filed on May 1, 1978, was more than one year following her injuries on April 26 and 29, 1977. The plaintiff's theory, however, is that the statute of limitations did not begin to run until May 2, 1977, when Dr. Ellis informed the plaintiff for the first time that she had a back injury. Plaintiff relies upon *Hibner v. St. Paul Mercury Ins. Co.,* Tenn., 619 S.W.2d 109 (1981). She might also have relied upon *Davidson & Graham Const. Co. v. McKee,* Tenn., 562 S.W.2d 426, 427–28 (1978); *Griffits v. Humphrey,* 199 Tenn. 528, 288 S.W.2d 1 (1955); and *Imperial Shirt Corporation v. Jenkins,* 217 Tenn. 602, 399 S.W.2d 757 (1966). In *Imperial Shirt* we adopted the following from *Larson on Workmen's Compensation,* Vol. 2, § 78.41, p. 261, to wit:

"*A fortiori*, his claims should not be barred when qualified physicians have been unable to present him with a diagnosis of his condition within the period of limitations."

We think it clear that the depositions of the two physicians and the discovery deposition of the plaintiff-employee, at the very least, create a genuine issue of fact that May 2, 1977, or May 5, 1977, was the date upon which the statute of limitations began to run against the plaintiff's claim. The result is that the complaint was timely filed and that the trial court erred in sustaining the defendant's motion for summary judgment.

Accordingly, the judgment of the trial court is reversed and this cause is remanded for a full trial upon the merits. Costs incurred upon appeal are taxed against the appellee.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.