# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
May 1, 2001 Session

## THOMAS C. FARNSWORTH, JR. v. GARY P. FAULKNER, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 109428-3     D. J. Alissandratos, Chancellor**

---

**No. W2000-02031-COA-R3-CV - Filed August 2, 2001**

---

This appeal arises from the trial court's granting of a motion of summary judgment. The court ruled that Shop had violated an Agreement which incorporated in its entirety a previous lease of certain property. As a result, Owner was awarded the repair costs for certain repairs that Shop had been responsible for under the lease. Owner was also awarded attorney's fees and expenses. Shop appealed, arguing that certain material facts were in dispute and thus summary judgment was inappropriate. We affirm in part and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Stuart B. Breakstone, Memphis, Tennessee, for the appellant, Gary P. Faulkner, individually and doing business as Faulkner's Body Shp, Inc., a/ka Gary Faulkner Body Shop, Inc.

E. Nicole Trail, Memphis, Tennessee, for the appellee, Thomas C. Farnsworth, Jr.

## OPINION

In September, 1986, Faulkner's Body Shop, Inc. (Shop),[1] signed a lease with Thomas C. Farnsworth, Jr. to rent property at 5161 Wilfong Road, Memphis, Tennessee in order to operate

---

[1] Faulkner's Body Shop, Inc. was also doing business under the name Gary Faulkner Body Shop, Inc.

its business.[2]  The lease covered a term of 120 months.[3]  In 1996, Shop requested permission to assign the Lease to a third party.[4]  A settlement agreement (Agreement) was executed in July, 1996 between Mr. Farnsworth, Shop and the third party providing for this assignment.  The Agreement provided that Shop "repair[] and restore[] the Leased Premises as required by the Lease and as described below in this Agreement."  The Agreement contained specific terms dealing with repair of the roof of the premise.

A dispute arose between the parties concerning several sets of repairs and who was responsible for their cost.  Shop argued that it had met its responsibility under the Agreement, stating that the Agreement only incorporated certain parts of the prior lease.  Mr. Farnsworth argued that the prior lease was incorporated in its entirety.  The parties also disputed whether several specific repairs were required under either document.  Mr. Farnsworth undertook these repairs and filed suit seeking damages against Shop and Mr. Faulkner, claiming that Shop had breached the Agreement.[5]

After several depositions were taken by the parties, Mr. Farnsworth filed a motion for summary judgment.  The trial court granted this motion, finding that Shop was guilty of a breach of the Agreement.  As a result, the court awarded damages totaling $40,717.21 and attorney's fees and expenses in the amount of $25,000.[6]  Shop appealed, claiming that genuine and material issues of fact remained to be decided and that summary judgment was inappropriate.

The issues, as we perceive them, are as follows:

I.      Did the trial court err in determining that the Agreement adopted the lease in its entirety?

II.     Did the trial court err through its determination that Shop was responsible to pay Mr. Faulkner's attorney's fees?

III.    Did the trial court err through its determination that Shop was responsible to pay for repairs to the premise?

---

[2]Gary P. Faulkner, the president of Faulkner Body Shop, Inc., individually guaranteed the obligations under the lease and all subsequent agreements.

[3]The lease was drafted by Mr. Farnsworth.

[4]The assignees were Jim Richardson, Joe Richardson and Don Vestal.  These parties are not involved in the case currently before this court.

[5]Mr. Farnsworth brought suit against Mr. Faulkner individually as guarantor of Shop's obligations.

[6]The trial court, in its July 21, 2000 order references an Exhibit A, which contains "a detailed list of each cost and the interest on such."  However, no such Exhibit A was included in the record.

IV.    Did the trial court err in granting Mr. Farnsworth's motion for summary judgment where Shop disputed the repair costs of certain damages?

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in summary fashion is appropriate. **Cowden v. Sovran Bank**, 816 S.W.2d 741, 744 (Tenn. 1991); **Gonzalez v. Alman Constr. Co.,** 857 S.W.2d 42, 44-45 (Tenn. Ct. App. 1993).  Since this determination involves a question of law, there is no presumption of correctness as to the trial court's judgment.  **Robinson v. Omer**, 952 S.W.2d 423, 426 (Tenn. 1997); **Hembree v. State**, 925 S.W.2d 513, 515 (Tenn. 1996).  In making our determination, we must view the evidence in the light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party.  **Byrd v. Hall**, 847 S.W.2d 208, 210-11 (Tenn. 1993). Summary judgment is appropriate only if there are no genuine issues of material fact and then only if the undisputed material facts entitle the moving party to a judgment as a matter of law.  Tenn. R. Civ. P. 56.04; **Byrd**, 847 S.W.2d at 211.

**Phung v. Case**, No. 03A01-9811-CV-00388, 1999 WL 544650, at *2 (Tenn. Ct. App. July 28, 1999).

**Adoption of the Lease in the Agreement**

Mr. Farnsworth, in his motion for summary judgment, argued that he "entered into a Lease and a subsequent Agreement with [Shop] and that [Shop] breached both the Lease and Agreement causing [him] to incur significant damages as well as attorney's fees and court costs."  As such, Mr. Farnsworth argued that no genuine issue of material fact existed and that he was entitled to judgment as a matter of law.  The trial court agreed and awarded Mr. Farnsworth damages, attorney's fees and expenses.

It is clear that the Agreement between the parties "set[] forth the entire understanding of the parties, replacing any and all prior agreements relating to the subject matter."  Shop argued that this term intended the Agreement to replace all but selected portions of the lease.  However, Mr. Farnsworth argued, and the trial court clearly agreed, that the section of the Agreement that stated that "[a]ll relevant terms of the Lease are incorporated into this Agreement by reference" incorporated the lease between the parties in its entirety into the Agreement.  Thus, in order to properly review this case, it is first necessary for this court to examine the Agreement to determine if the trial court was correct in its construction of the terms of the Agreement.

The rules of contract construction must be applied to resolve any conflict between contracting parties.  **See Coble Sys., Inc. v. Gifford Co.**, 627 S.W.2d 359, 363 (Tenn. Ct. App. 1982).

First and most important is the primary rule that the intent of the parties must prevail. ***Ohio Cas. Co., Inc. v. Travelers Indemnity Company***, 493 S.W.2d 465 (Tenn. 1973). Second, the courts will construe the writing so as to avoid the conflict if possible. ***Bartlett v. Phillips-Cary Mfg. Co.***, 392 S.W.2d 325 (Tenn. 1965). Third, if the provisions are so repugnant that they cannot stand together, the first shall be given effect and the latter rejected. 17 Am. Jur. Contracts, § 267; ***Bartlett v. Phillips-Cary Mfg. Co.***, *supra*; ***Smithart v. John Hancock Mut. Life Insurance Company***, 71 S.W.2d 1059 (Tenn. 1934). Fourth, written or typewritten terms will control printed parts of an agreement where there is an apparent inconsistency. 17 Am. Jur.2d Contracts, § 271; ***Tindell v. Bowers***, 216 S.W.2d 752 (Tenn. 1949). Fifth, doubtful language in a contract should be interpreted most strongly against the party who drew or prepared it. 17 Am. Jur.2d Contracts, § 276; ***Fuller v. Orkin Exterminating Co. Inc***., 545 S.W.2d 103 (Tenn. Ct. App. 1975). This last rule is to be applied, however, only where other rules of construction fail to give certainty to the written expression. 17 Am. Jur.2d Contracts, § 276; ***Crouch v. Shepard***, 44 Tenn. 383 (1867).

***Coble Sys., Inc.***, 627 S.W.2d at 363.

In examining the case before us, we find that section eleven of the Agreement clearly intended to adopt "all relevant terms of the Lease" into the agreement. The parties disagree on whether it was their intention that this term to adopt the lease in its entirety. Thus, it is necessary for us to continue our examination. In doing so, we find that the Agreement has no conflicting terms and that, contrary to the claims of Shop, contains no repugnant terms.[7] As this case does not involve any conflict over typed or handwritten terms taking precedence over printed language, we are left to consider the fifth rule of construction. The fifth rule states that "doubtful language in a contract should be interpreted most strongly against the party who drew or prepared it." ***Id.*** In this case, Mr. Farnsworth drafted the agreement, thus, any doubtful language in the Agreement must be interpreted in favor of Shop.

The trial court accepted Mr. Farnsworth's argument that the language, "all relevant terms of the Lease," should be interpreted to mean "all terms of the Lease." The court clearly erred in this determination. "All relevant terms of the Lease" is clearly "doubtful language" that could be interpreted as representing the desire to adopt all terms of the previous lease or only some of the terms of the previous lease. As Mr. Farnsworth drafted the Agreement, this court must interpret

---

[7]Shop claims that several terms in the Agreement are repugnant. The specific terms require that Shop pay for repairs to the roof before the assignment of the property to the third party as well as providing $4,568 to compensate Mr. Farnsworth for repairs to the roof that will be required in the future due to the removal of certain equipment. We do not find these terms to be repugnant.

the Agreement in Shop's favor and thus find that the former lease was not adopted in its entirety in the Agreement.[8]

## Attorney's Fees

> It is a general rule in this State that litigants must pay their own attorney fees. *Howard G. Lewis Const. Co., Inc. v. Lee,* 830 S.W.2d 60, 64 (Tenn. Ct. App. 1991). In the absence of a statutory provision or a contractual agreement between the parties, attorney fees, incurred by a litigant, are not a proper element of damages. *John J. Heirigs Const. Co., Inc. v. Exide*, 709 S.W.2d 604, 609 (Tenn. Ct. App. 1986); *Goings v. Aetna Cas. & Sur. Co.,* 491 S.W.2d 847, 848 (Tenn.Ct. App. 1972). Such an award is contrary to the public policy of Tennessee. *Howard G. Lewis Const. Co., Inc.,* 830 S.W.2d at 64.

*Morrow v. Bobbitt*, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996).

The trial court awarded attorney's fees to Mr. Farnsworth under a section included in the original lease.[9] This award was in error. Upon our review, we find nothing in the Agreement to suggest that the section allowing recovery of attorney's fees under the lease was a "relevant term" that the parties intended to be included in the Agreement. To find otherwise would be to interpret the doubtful language of the Agreement in favor of Mr. Farnsworth. Such an interpretation would be in violation of the fifth rule of contract construction. As such, the trial court's award of attorney's fees to Mr. Farnsworth is hereby reversed.

## Repairs under the Agreement

If the language of a contract is

> plain, simple and unambiguous . . . "it is the function of a court to interpret and enforce contracts as they are written, notwithstanding they may contain terms which may be thought harsh and unjust. A court is not at liberty to make a new contract for parties who have spoken for themselves."

*Petty v. Sloan*, 277 S.W.2d 355, 359 (Tenn. 1955) (citing *Smithart v. John Hancock Mut. Life Ins. Co.*, 71 S.W.2d 1059, 1063 (Tenn. 1934)).

---

[8]We note that the Agreement involved three parties, Mr. Farnsworth, Shop and the third party assignee. Our findings in this matter are not intended to determine which terms of the previous lease apply to the third party assignee.

[9] The Agreement does not contain any terms allowing for the recovery of attorney's fees

Upon our review, we find that the Agreement contains "plain, simple and unambiguous" language as it refers to the repairs that Shop is contracted to make to the premises. *Id.* The Agreement states that Shop "will . . . cause the Leased Premises to comply with the requirement of the Lease including, but not limited to, all of the repairs and work described." Thus, it is clear that Shop was required under the Agreement to "repair[] and restore[] the Leased Premises as required by the Lease." Thus, the trial court properly found that Shop was bound under the Agreement to make all repairs required under the lease, and we hereby affirm this finding.

## Disputed Damages

> In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991); *Poore v. Magnavox Co.,* 666 S.W.2d 48, 49 (Tenn. 1984); *Dunn v Hacket,* 833 S.W.2d 78, 80 (Tenn. Ct. App. 1992); *Wyatt v. Winnebago Industries, Inc.,* 566 S.W.2d 276, 279 (Tenn. Ct. App. 1977); *Taylor v. Nashville Banner Pub. Co.,* 573 S.W.2d 476, 480 (Tenn. Ct. App. 1978). Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. *Poore,* 666 S.W.2d at 49 ("[I]f the mind of the court entertains any doubt whether or not a genuine issue exists as to any material fact it is its duty to overrule the motion."); *Dooley v. Everett,* 805 S.W.2d 380, 383 (Tenn. Ct. App. 1990).

*Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993).

In this case, the trial court found that Shop was responsible for all repairs due under the lease. For the reasons stated above, we agree. However, Shop disputed the costs of several repairs, citing testimony in various depositions. Specifically, Mr. Faulkner, in his June 7, 2000 deposition, stated that it was his belief that "the paint on the exterior of the building could have been easily matched requiring only portions of the exterior to be repainted rather than the entire exterior of the building." Thus, in effect, Shop argues that Mr. Farnsworth could have avoided a portion of the costs awarded by the trial court for this repair.

In addition, Shop cited testimony in a deposition by the property manager of Mr. Farnsworth in which the manager stated that Shop was only responsible for repairs that would restore the building to its condition at the beginning of the lease.[10] This manager also stated that he was unsure if several fire doors had been installed on the property at the beginning of the

---

[10]This limitation is also listed under the repair section of the lease.

-6-

lease. Mr. Farnsworth, in his own deposition, also stated that he was uncertain if the fire doors had been in place at the time the lease began. Thus, Shop disputed whether the repair costs for the fire doors should have been included in the trial court's summary judgment award.

Clearly, Shop has sufficiently disputed Mr. Farnsworth's factual claims in these matters such that it was inappropriate for the trial court to award these repairs on a summary judgment motion. As a result, we hereby reverse that portion of the trial court's damage award that represents the cost of the repairs for painting the exterior of the building and repairing the fire doors, as well as any interest that arose from those awards. These issues are remanded to the trial court in order for it to make a factual determination of what portion of those repair costs, if any, for which Shop was liable. The remainder of the trial court's award for damages is affirmed.[11]

## Conclusion

Based on the foregoing conclusion, the trial court is affirmed in part and reversed in part. Cost on appeal are to be taxed equally to plaintiff, Thomas C. Farnsworth, and defendants, Gary P. Faulkner and Faulkner's Body Shop, Inc., and their sureties, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[11]As we lack Exhibit A of the trial court order, we cannot give a specific dollar amount for these repairs.