# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### AUGUST 23, 2005 Session

## GRACE HOLT WILSON SWANEY v. RANDALL PHELPS SWANEY

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005038-03    D'Army Bailey, Judge**

---

**No. W2005-00156-COA-R3-CV - Filed December 16, 2005**

---

This action stems from a divorce case. In this appeal, we are asked to determine whether the circuit court applied an inappropriate standard when disposing of a husband's motion to dismiss his wife's complaint for divorce for failure to state a claim upon which relief may be granted. The wife asserts that, by considering evidence outside the pleadings, the circuit court converted the husband's motion to dismiss into a motion for summary judgment and that the circuit court failed to apply the standards under Tennessee Rule of Civil Procedure 56 when considering the husband's converted motion for summary judgment. We reverse and remand for further proceedings. Further, we decline to award damages to Appellee for frivolous appeal. Likewise, we decline to award Appellant attorney's fees on appeal.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Leslie Gattas Coleman, Memphis, TN, for Appellant

Beth Cocke, Memphis, TN, for Appellee

**MEMORANDUM OPINION**[1]

This action stems from a divorce case. In this appeal, we are asked to determine whether the circuit court applied an inappropriate standard when disposing of a husband's motion to dismiss his wife's complaint for divorce for failure to state a claim upon which relief may be granted. The wife asserts that, by considering evidence outside the pleadings, the circuit court converted the husband's motion to dismiss into a motion for summary judgment and that the circuit court failed to apply the standards under Tennessee Rule of Civil Procedure 56 when considering the husband's converted motion for summary judgment. We reverse and remand for further proceedings. Further, we decline to award damages to Appellee for frivolous appeal. Likewise, we decline to award Appellant attorney's fees on appeal.

## I.  FACTS & PROCEDURAL HISTORY

On September 11, 1982, Grace Holt Wilson Swaney ("Wife" or "Appellant") married Randall Phelps Swaney ("Husband" or "Appellee" or, collectively with Wife, the "Parties"). On August 25, 2003, the Parties separated. On September 3, 2003, Wife filed a complaint for divorce alleging inappropriate marital conduct, irreconcilable differences, and adultery. Husband subsequently filed an answer and counter complaint for divorce, denying that he committed inappropriate marital conduct but admitting that there were irreconcilable differences between the parties and that he committed adultery. However, Husband alleged that Wife condoned his behavior as a defense to Wife's charge of adultery.

On June 4, 2004, Husband filed a motion to dismiss Wife's complaint for divorce alleging that her condonation of his adultery negated her claim for adultery. Wife filed a response and accompanying memorandum to Husband's motion to dismiss denying that she condoned or forgave Husband's conduct and attached her affidavit attesting as such. Thereafter, Husband filed a motion to order Wife to submit to a deoxyribonucleic acid ("DNA") test. Husband requested this DNA test because he alleged he had certain bedding materials that had bodily secretions from Wife on them. Husband allegedly purchased one of these items, a mattress pad, after Wife filed for divorce. After a hearing on the motion, the circuit court entered an order requiring Wife to submit to a DNA test. After the DNA test was conducted and the results of the tests and an affidavit attesting to the process of the DNA test were submitted to the court, Husband filed a response to Wife's memorandum in

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee governs the issuance of Memorandum Opinions, which states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

opposition to Husband's motion to dismiss. To challenge the conclusiveness of the DNA test results, Wife submitted the affidavit of Dr. Laura Gahn, Ph.D. ("Dr. Gahn").

The circuit court conducted multiple hearings on Husband's motion to dismiss. On December 10, 2004, the circuit court dismissed Wife's complaint for divorce, basing its decision on "the record as a whole," including the affidavits presented as evidence as well as the results of the DNA test.

## II.   ISSUES PRESENTED

Appellant has timely filed a notice of appeal and presents the following issues for review:

1.      Whether the circuit court erred by using an inappropriate standard in disposing of Appellee's motion to dismiss;
2.      Whether the circuit court erred in considering certain DNA evidence without requiring Appellee to authenticate the evidence pursuant to the Tennessee Rules of Evidence;
3.      Assuming the DNA evidence was properly authenticated, whether the circuit court erred in finding that the DNA evidence proved the Parties engaged in sexual relations;
4.      Whether the circuit court erred when it found that the act of sexual relations constitutes condonation under Tennessee law;
5.      Whether the circuit court erred when it found that condonation was a bar to Appellant's complaint for divorce on the grounds of inappropriate marital conduct;
6.      Whether the circuit court erred when it found that there was no revival of any ground of previously condoned or forgiven inappropriate marital conduct by Appellant's subsequent acts; and
7.      Whether Appellant was entitled to attorney fees associated with her appeal.

Appellee has presented the following issue for review:

8.      Whether Appellant's appeal is frivolous.

For the following reasons, we reverse and remand for further proceedings. Further, we decline to award damages to Appellee for frivolous appeal. Likewise, we decline to award Appellant attorney's fees on appeal.

## III.   STANDARD OF REVIEW

"A Rule 12.02(6) motion tests the legal sufficiency of the plaintiff's complaint and not the strength of the plaintiff's evidence." ***Doe v. Sundquist***, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). As such, "[i]n reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." ***Trau-Med of Am., Inc. v. Allstate***

*Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (citing *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999)). However, "if on a motion . . . to dismiss for failure to state a claim upon which relief may be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ." Tenn. R. Civ. P. 12.02 (2005).

"Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to a judgment as a matter of law." *Penley v. Honda Motor Corp.*, 31 S.W.3d 181, 183 (Tenn. 2000) (citing Tenn. R. Civ. P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993)). "The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists." *Calabro v. Calabro*, 15 S.W.2d 873, 875 (Tenn. Ct. App. 1999) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). "When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact." *Bain*, 936 S.W.2d at 622 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

"On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Calabro*, 15 S.W.3d at 875 (citing *Bain*, 936 S.W.2d at 622). "Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied." *Byrd*, 847 S.W.2d at 211 (citing *Poore v. Magnavox Co.*, 666 S.W.2d 48, 49 (Tenn. 1987); *Dooley v. Everett*, 805 S.W.2d 380, 383 (Tenn. Ct. App. 1990)). This Court reviews a trial court's grant of summary judgment *de novo* with no presumption of correctness. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997) (citing *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995)).

## IV. DISCUSSION

### A. *Inappropriate Standard*

On appeal, Appellant argues that the circuit court used an inappropriate standard when it granted Appellee's motion to dismiss for failure to state a claim upon which relief may be granted. Specifically, Appellant contends that, by considering matters outside the pleadings, the circuit court converted Appellee's motion to dismiss to a motion for summary judgment and failed to follow the standards of Rule 56 of the Tennessee Rules of Civil Procedure when granting this motion. We agree.

At trial, Husband initially filed a motion to dismiss for failure to state a claim upon which relief may be granted. When the circuit court conducted a hearing on this motion, it considered affadavits submitted by the Parties as well as forensic evidence submitted by Appellee to prove his condonation defense. When the circuit court did so, it converted Appellee's motion to dismiss to a motion for summary judgment.

In this case, the circuit court applied the wrong standard for review of a motion for summary judgment. At the hearing on Appellee's motion, the circuit court weighed the evidence the Parties presented, basing its decision on the forensic evidence provided by the DNA test and finding Appellant's affidavit to be untruthful in light of the forensic evidence.

"[S]ummary judgment is not ordinarily the proper procedure for determining whether a prima facie case has or has not been overcome by countervailing evidence." **Hamrick v. Spring City Motor Co.**, 708 S.W.2d 383, 389 (Tenn. 1986). Thus, "[t]he court is not to 'weigh' the evidence when evaluating a motion for summary judgment." **Byrd**, 847 S.W.2d at 211 (citing *Hamrick*, 708 S.W.2d at 389). "The court is simply to overrule the motion where a genuine dispute exists as to any material fact." **Id.** (citing *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn. Ct. App. 1992); *Dooley*, 805 S.W.2d at 383).

As a defense to Appellant's claim of adultery, Appellee stated the Appellant condoned his activities because he and Appellant engaged in sexual relations after Appellant filed her complaint for divorce. As condonation would serve as a complete defense to Appellant's adultery claim, this fact is material. *See Byrd*, 847 S.W.2d at 211 (stating that material facts are "those facts that must be decided in order to resolve the substantive claim or defense at which the motion is directed" (citing *Knoxville Traction Co. v. Brown*, 89 S.W. 319, 321 (Tenn. 1905); *Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn. Ct. App. 1989); Schwarzer, Hirsch and Barrans, *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 446 (1991))).

Initially, the burden of proving this material fact was on Appellee, who satisfied this burden by presenting his own affidavit stating that he and Appellant engaged in sexual relations after Appellant filed for divorce. In response to Appellee's factual assertions, Appellant submitted her own affidavit stating that she had not engaged in sexual relations with Appellee and had not forgiven him for his conduct.

By submitting such evidence, Appellant met her burden to demonstrate that there was a genuine issue of material fact as to whether she condoned or forgave Appellee for his adultery. In this case, summary judgment was inappropriate.[2] **Byrd**, 847 S.W.2d at 211 ("The court is simply to overrule the motion where a genuine dispute exists as to any material fact."). Accordingly, we reverse for further proceedings. Thus, all other issues presented by Appellant that relate to condonation, revival, and the DNA evidence are pretermitted.

---

[2] This Court does note that Appellee also presented DNA evidence to prove that the Parties engaged in sexual relations after Appellant filed her complaint for divorce. In response, Appellant presented the testimony of Dr. Gahn, whose testimony stated that the DNA evidence was not properly authenticated as well as stating that the evidence was inconclusive to prove the Parties engaged in sexual relations after Appellant filed her complaint. On appeal, Appellant has challenged whether the DNA evidence was properly authenticated, citing chain of custody issues. Appellant has also challenged whether the DNA evidence was sufficient to prove that the Parties engaged in sexual relations. However, we need not determine the admissibility of this evidence as its admissibility would not change the outcome of this appeal. Even if the evidence were properly admitted, Appellant has still met her burden of demonstrating a genuine issue of material fact to withstand summary judgment.

## B. Appellant's Attorney's Fees on Appeal

Appellant has requested that this Court grant her attorney's fees that she has incurred on this appeal. "[I]n the absence of a contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation." ***State v. Thomas***, 585 S.W.2d 606 (Tenn. 1979) (citations omitted).

When considering whether to award attorney's fees on appeal, this Court must consider "the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered." ***Dulin v. Dulin***, No. W2001-02969-COA-R3-CV, 2003 Tenn. App. LEXIS 628, at *26-27 (Tenn. Ct. App. Sept. 3, 2003) (citing *Folk v. Folk*, 357 S.W.2d 828, 829 (Tenn. 1962)). In this case, we find it equitable to decline to award Appellant the attorney's fees incurred on this appeal.

## C. Frivolous Appeal

Appellee has petitioned this Court in his brief for an award of damages for frivolous appeal predicated on section 27-1-122 of the Tennessee Code, which states that

> [w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000). "A frivolous appeal is one that is devoid of merit, . . . or one that has no reasonable chance of succeeding. . . ." ***Young v. Barrow***, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citations omitted).

Since Appellant has prevailed on this appeal, we cannot say that her appeal had no reasonable chance of succeeding. Therefore, we decline to award damages for frivolous appeal to Appellee.

## V. CONCLUSION

For the foregoing reasons, we reverse the decision of the circuit court and remand for further proceedings. Further, we decline to award damages to Appellee for frivolous appeal. Likewise, we decline to award Appellant attorney's fees on appeal. Costs of this appeal are taxed to Appellee, Randall Phelps Swaney, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE