IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 1, 2018

## COUNTRYSIDE CENTER, LLC v. BPC OF MEMPHIS, LLC D/B/A AUTO RADIO ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-15-0755     JoeDae L. Jenkins, Chancellor**

———————————————

### No. W2017-01778-COA-R3-CV

———————————————

The defendant, the alleged guarantor of the obligations of BPC of Memphis, LLC, under a lease agreement, appeals the grant of summary judgment in favor of the plaintiff, finding the defendant personally liable for the tenant's obligations under the lease. BPC, the tenant, occupied the leased premises from December 2012 until August 2015, at which time it stopped paying rent. After BPC and the defendant refused the plaintiff's demands for payment, the plaintiff commenced this action against BPC and the defendant as the guarantor. In the answer to the complaint, the defendant denied signing any document that purports to establish his personal liability. The plaintiff filed a motion for summary judgment that was properly supported by a statement of undisputed facts and affidavits pursuant to Tenn. R. Civ. P. 56. The defendant's response was supported by his affidavit in which he disputed the plaintiff's statement of fact that he signed "the lease" or "the Personal Guarantee section" of the lease. The chancery court granted the plaintiff's motion for summary judgment stating, in part, "[i]n the face of the mountain of evidence in the record submitted by Plaintiff, Defendants had the burden to bring forward evidence other than Mr. Panchikal's blanket denial in order to create a genuine issue of material fact," and "Defendants failed to meet their burden." The court also stated it was "mindful that Defendants have attempted to put into question Paragraphs 10, 21, and 27 in Plaintiff's Statement of Undisputed Fact." This appeal followed. We have determined that the defendant created a genuine dispute of a material fact by stating, *inter alia*, in his affidavit that "the documents claimed to bear my signature by the Plaintiffs are a forgery," and "I never executed any guaranty section on any lease, contract or other document." Accordingly, we reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which CHARLES D. SUSANO JR. and BRANDON O. GIBSON, JJ., joined.

Ted I. Jones, Memphis Tennessee, for the appellant, Bernard Panchikal.

S. Joshua Kahne and Jessica L. Indingaro, Memphis, Tennessee, for the appellee, Countryside Center, LLC.

## OPINION

In 2014, Countryside Center, LLC ("Plaintiff") purchased a shopping center in Memphis, Tennessee. As part of the sale, the former owner of the shopping center, AERL, L.C. ("AERL"), assigned all leases to Plaintiff. One of the leases assigned to Plaintiff was that of BPC of Memphis, LLC d/b/a Auto Radio ("BPC") and Bernard Panchikal ("Defendant"). BPC's lease agreement and personal guarantee[1] purportedly contained Defendant's signature.

The five year lease, which commenced in December of 2012, required BPC to pay an annual rent of $22,612.50 due in monthly installments of $1,884.38 for five years. Further, the lease agreement purportedly included a personal guarantee from Defendant for all payments due during the term of the lease and owed under the lease, as well as for any obligations owed by BPC in the event BPC defaulted. Emails between Defendant and AERL, which occurred prior to the sale of the shopping center to Plaintiff, reveal that Defendant attempted to modify the BPC lease to limit Defendant's personal guarantee in the event of an approved sublease; however, AERL rejected the proposed changes. Shortly thereafter, BPC presented fully executed copies of both the lease and the personal guarantee to AERL on two separate occasions.

During the term of the lease, BPC was habitually late in making rental payments to Plaintiff, and following May 2015, BPC ceased all further rental payments to Plaintiff. Despite Plaintiff's written demands, BPC and Defendant refused to pay the amounts due. Therefore, on June 8, 2015, Plaintiff filed this action in the Shelby Chancery Court against BPC and Defendant to recover the unpaid rent money owed to Plaintiff pursuant to the lease agreement. On July 29, 2015, BPC and Defendant filed an answer denying Plaintiff's allegations. In the answer, Defendant asserted that the signatures on both the lease agreement and the personal guarantee were forgeries and that BPC and Defendant never signed the documents.

On March 31, 2017, Defendant filed a motion for summary judgment. However, the motion was not accompanied by a memorandum of law or a statement of undisputed

---

[1] The words "guarantee" and "guaranty," which share the same meaning, are used interchangeably throughout the record. "Guarantee" is the spelling used in the original lease agreement; therefore, it is the spelling we use in this opinion. However, when quoting from the record, we leave all instances of "guaranty" as they appear.

facts as Tenn. R. Civ. P. 56 requires. On June 17, 2017, Plaintiff filed a cross motion for summary judgment that was properly supported by a memorandum of law, a statement of undisputed material facts, two affidavits, and exhibits indicating, *inter alia*, Defendant's agreement with the terms of the lease and record of performance and payments made without objection, albeit late, for a period of time.

On July 26, 2017, Defendant and BPC filed a joint response to Plaintiff's cross motion; however, they did not file a memorandum of law or a separate statement of disputed facts. Instead, Defendant and BPC filed a response to Plaintiff's motion for summary judgment along with Defendant's affidavit. In the two page response to Plaintiff's motion for summary judgment, Defendant and BPC disputed only three of the seventy-five paragraphs in Plaintiff's statement of undisputed material facts, stating:

> The liability of the limited liability company is not disputed and virtually all of the facts set forth by the Plaintiff's [*sic*] are not disputed as outlined in their motion. There are three key exceptions. Number 10, Number 21, and Number 27 are disputed because Bernard Panchikal has sworn that those statements are untrue-- see his affidavit filed this same date and his deposition heretofore filed on May 1, 2017.

Defendant's affidavit stated:

> I never signed a guaranty agreement or any document with the Plaintiffs, or any of its predecessors, which would make me personally responsible for any of the rent claimed in this suit. In turn, it would be impossible for any person to claim that I signed a guaranty agreement in front of them as I never signed any such agreement. I absolutely deny that I signed a guaranty agreement with the Plaintiffs and any document or documents that purports to establish my personal liability is a forgery.

Further, Defendant specifically disputed paragraphs 10, 21, and 27 in Plaintiff's statements of undisputed facts by denying "signing" the lease agreement and the personal guarantee as follows:

> 1) Number 10 is untrue and disputed because I never signed any guaranty.
>
> 2) Number 21 is untrue and disputed because the documents claimed to bear my signature by the Plaintiffs are a forgery.
>
> 3) Number 27 is incorrect and disputed because I never executed any guaranty section on any lease, contract or other document.

On August 8, 2017, the chancery court granted Plaintiff's motion for summary judgment against BPC and Defendant, holding that there was no genuine issue of material fact. The court stated "[i]n the face of the mountain of evidence in the record submitted by Plaintiff, Defendants had the burden to bring forward evidence other than Mr. Panchikal's blanket denial in order to create a genuine issue of material fact," and "Defendants failed to meet their burden." The court also stated it was "mindful that Defendants have attempted to put into question Paragraphs 10, 21, and 27 in Plaintiff's Statement of Undisputed Fact." However, the court found "that simply denying the truth of those paragraphs is not sufficient to meet Defendants' legal burden, and the Defendants have not met their legal burden which would be necessary to survive Plaintiff's Cross Motion for Summary Judgment." Defendant timely filed a notice of appeal on September 7, 2017; BPC did not appeal.

**ISSUE**

The only issue on appeal is whether the chancery court erred in granting Plaintiff's Motion for Summary Judgment after finding no genuine issue of material fact existed.

**ANALYSIS**

This court reviews a chancery court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citing *Byrd*, 847 S.W.2d at 215). Tennessee Rule of Civil Procedure 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to

- 4 -

which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.*

If the moving party makes a properly supported motion, the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist. *Martin*, 271 S.W.3d at 84 (citations omitted).

> "[W]hen a motion for summary judgment is made [and] ... supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265. The nonmoving party may satisfy its burden of production by:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*Martin*, 271 S.W.3d at 84 (citations omitted).

The nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party. *Id.* (citing *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)). Furthermore, "[t]he court is not to 'weigh' the evidence when evaluating a motion for summary judgment." *Byrd*, 847 S.W.2d at 211 (citing *Hamrick v. Spring City Motor Co.,* 708 S.W.2d 383, 389 (Tenn. 1986)) ("Summary judgment is not ordinarily the proper procedure for determining whether a prima facie case has or has not been overcome by countervailing evidence."); *Rollins v. Winn Dixie,* 780 S.W.2d 765, 767 (Tenn. Ct. App. 1989).

However, a party cannot create a genuine dispute of a material fact based on a conclusory statement. *See Lee v. Franklin Special Sch. Dist. Bd. of Educ.*, 237 S.W.3d 322, 331 (Tenn. Ct. App. 2007) ("Mere conclusory statements are insufficient to create a dispute of fact when the moving party presents specific facts sufficient to support a motion for summary judgment."); *see also Pryor v. Rivergate Meadows Apartment Assocs. Ltd. P'ship*, 338 S.W.3d 882, 887 (Tenn. Ct. App. 2009) ("A conclusory statement, such as '[the movant] believes itself to have a good and valid defense,' is insufficient.") (citation omitted).

In this case, Plaintiff filed a motion for summary judgment, a memorandum in support of the motion, and a statement of undisputed material facts. Further, Plaintiff submitted two affidavits in support and attached exhibits showing Defendant's apparent agreement with the terms of the lease, that the affiants observed Defendant sign the lease and guarantee, as well as demonstrated a record of performance and payments made without objection for a period of time. In pertinent part, paragraphs 10, 21, and 27 in Plaintiff's statement of undisputed material facts read as follows:

> 10. Bernard Panchikal signed the lease on behalf of BPC, and further executed a personal guarantee that assumed "full responsibility for any payments due and owing under this lease and any other obligations under the lease in the event of default by BPC of Memphis, LLC and Bernard Panchikal agrees to indemnify and reimburse the Landlord for any costs, including attorneys' fees, the Landlord incurs in the event of default by BPC Memphis, LLC, under the terms of this lease."
>
> • • •
>
> 21. A signature of the name "Bernard Panchikal" appears on the Personal Guarantee section on this version of the lease.
>
> • • •
>
> 27. Bud Worsham personally witnessed Bernard Panchikal execute both the lease itself and the "Personal Guarantee" section.

Therefore, Plaintiff satisfied its burden of production under Tenn. R. Civ. P. 56. As a consequence, Defendant was required to respond with "specific facts" showing there was a genuine issue for trial. *Rye,* 477 S.W.3d at 264 (citing Tenn. R. Civ. P. 56.03).

Defendant filed a response to the motion for summary judgment, an affidavit, and a statement of facts in which he disputed paragraphs 10, 21, and 27. In his affidavit Defendant stated:

I never signed a guaranty agreement or any document with the Plaintiffs, or any of its predecessors, which would make me personally responsible for any of the rent claimed in this suit. In turn, it would be impossible for any person to claim that I signed a guaranty agreement in front of them as I never signed any such agreement. I absolutely deny that I signed a guaranty agreement with the Plaintiffs and any document or documents that purports to establish my personal liability is a forgery.

Except for the factual statement in the last sentence, Defendant merely provided conclusory statements. In essence, Defendant denied signing any document that makes him "personally responsible for any of the rent claimed in this suit," which is a legal conclusion, not a statement of fact. "All affidavits used either to support or to oppose a motion for summary judgment must meet the requirements of Tenn. R. Civ. P. 56.06 that (1) the affidavit must be made on the affiant's personal knowledge, (2) the affiant's statements must otherwise be admissible in evidence, and (3) the affiant is competent to testify regarding the substance of the affidavit." *Church v. Perales*, 39 S.W.3d 149, 166 (Tenn. Ct. App. 2000). Because Defendant is not competent to render a legal opinion as to his liability under the lease and guarantee agreement, the conclusory statements are not admissible. However, in addition to the statement of fact in the last sentence above, Defendant also denied signing the lease agreement and the personal guarantee. Specifically, in paragraph 8 of his affidavit Plaintiff stated:

1) Number 10 is untrue and disputed because I never signed any guaranty.

2) Number 21 is untrue and disputed because the documents claimed to bear my signature by the Plaintiffs are a forgery.

3) Number 27 is incorrect and disputed because I never executed any guaranty section on any lease, contract or other document.

In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Byrd,* 847 S.W.2d at 210-11 (modified by *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008)). "The court is not to 'weigh' the evidence when evaluating a motion for summary judgment." *Id.* at 211 (citations omitted). If there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. *Id.* (citing *Poore v. Magnavox Co. of Tenn.*, 666 S.W.2d 48, 49 (Tenn. 1984) ("[I]f the mind of the court entertains any doubt whether or not a genuine issue exists as to any material fact it is its duty to overrule the motion.")).

The phrase "genuine issue" contained in Rule 56.03 refers to genuine factual issues and does not include issues involving legal conclusions to be

drawn from the facts. The critical focus is limited to facts deemed "material", which is to say those facts that must be decided in order to resolve the substantive claim or defense at which the motion is directed.

*Byrd*, 847 S.W.2d at 211 (internal citations omitted).

In granting Plaintiff's motion for summary judgment, the trial court appears to have impermissibly weighed Plaintiff's "mountain of evidence" against Defendant's affidavit. Summary judgment hearings do not involve weighing of evidence. *See Hamrick,* 708 S.W.2d at 388; *see also Byrd*, 847 S.W.2d at 211. Rather, the trial court is to determine whether any material factual issues exist. *See Kinsler v. Berkline, LLC,* 320 S.W.3d 796, 801 (Tenn. 2010) (citations omitted). If so, summary judgment must be denied. *Id.*

Although Plaintiff's evidence could be found to be more persuasive than Defendant's evidence, the factual statements in Defendant's affidavit, taken as true, as we are required to do at the summary judgment phase, create a genuine issue of material fact as to whether Defendant's signatures were forgeries on the lease and personal guarantee. Based on Defendant's response and his supporting affidavit, a reasonable person could reach more than one conclusion as to whether Defendant signed the lease agreement and personal guarantee, which is a material fact to be decided. Accordingly, this genuine dispute of a material fact precludes summary judgment against Defendant.

Because Defendant raised a genuine issue of material fact in his response to the motion for summary judgment and affidavit, we reverse the chancery court's grant of summary judgment to Plaintiff.

## IN CONCLUSION

The judgment of the chancery court is reversed, and this matter is remanded for further proceedings. Costs of appeal are assessed against Plaintiff.

_____
FRANK G. CLEMENT JR., P.J., M.S.